475 So.2d 1292 (1985)
Mario MARTINEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1913.
District Court of Appeal of Florida, Third District.
September 17, 1985.
*1293 Mario Martinez, in pro. per.
Jim Smith, Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
The defendant, Mario Martinez, appeals the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In his motion the defendant alleged that defense counsel was ineffective because he failed to advise Martinez of the possible consequence of deportation which might ensue from the entry of a guilty plea to charges of second degree murder, attempted first degree murder, armed robbery, trafficking in cocaine and carrying a concealed firearm. The motion further alleged that the defendant entered this country in the Mariel boatlift as a documented political refugee from Cuba and that defense counsel was at all times aware of Martinez' background and status as a non-resident and non-citizen of this country.
Finding the allegations of the motion legally insufficient to support the claim for relief, the trial court entered a summary order of denial without attaching portions of the file or record to conclusively show the defendant is entitled to no relief. We disagree with the trial court's finding of legal insufficiency. This court held, in Edwards v. State, 393 So.2d 597 (Fla. 3d DCA), pet. for rev. denied, 402 So.2d 613 (Fla. 1981), that ignorance of the potential consequence of deportation did not make for an intelligent waiver when the defendant entered a plea of guilty and that defense counsel's failure to inform the defendant of this potential consequence could render the guilty plea involuntary. Edwards required that on remand the trial court hold an evidentiary hearing at which, in order to prevail,
it will ... be incumbent upon ... [defendant] to establish that he was not advised by his counsel and was otherwise unaware of the consequence of his deportation; that had he known of this consequence, he would not have entered the plea of guilty; and that such a consequence will actually flow from the conviction.
Id. at 600. We likewise reverse and remand for further proceedings under Rule 3.850. On remand the trial court may either again summarily deny the motion, attaching to its order those portions of the record which conclusively demonstrate the defendant is not entitled to relief under the above standards enunciated in Edwards, or may conduct further proceedings under Rule 3.850, including an evidentiary hearing, to determine if the defendant is entitled to relief under the applicable Edwards standards.
Reversed and remanded.
DANIEL S. PEARSON, J., concurs.
SCHWARTZ, Chief Judge (specially concurring).
Although I disagree with Edwards, see, contra, e.g., Government of Virgin Islands v. Pamphile, 604 F. Supp. 753, 756-59 (D.V.I. 1985); Hahn v. State, 421 So.2d 710 (Fla. 1st DCA 1982), I concur because of its binding authority.