504 So.2d 455 (1987)
Rene Garzon VILLAVENDE, a/K/a Ricardo Diaz, Appellant,
v.
STATE of Florida, Appellee.
No. 86-3255.
District Court of Appeal of Florida, Second District.
March 4, 1987.
Rehearing Denied March 26, 1987.
*456 SANDERLIN, Judge.
Rene Villavende, also known as Ricardo Diaz, appeals from the summary denial of his motion for postconviction relief. We affirm.
Villavende, who states that he came to this country from Cuba during the Mariel boatlift, alleges that his trial counsel was ineffective because he advised Villavende to plead guilty to robbery charges without also warning him that the felony convictions could result in deportation. Since the plea an immigration judge has denied Villavende's request for political asylum and has ordered him deported. (Whether current political realities will permit the carrying out of this order is another question, and one not relevant to the matter before us.) Villavende relies heavily upon Edwards v. State, 393 So.2d 597 (Fla. 3d DCA), petition for review denied, 402 So.2d 613 (Fla. 1981). See also, Rodriguez v. State, 487 So.2d 1224 (Fla. 4th DCA 1986); Martinez v. State, 475 So.2d 1292 (Fla. 3d DCA 1985).
As recognized by the trial court in its order, Florida courts are not unanimous on this question. In Hahn v. State, 421 So.2d 710 (Fla. 1st DCA 1982), the court found as a matter of law that a Pensacola attorney was not ineffective under circumstances similar to those in the present case because it was not reasonable to expect him to anticipate his client's alien status. The Hahn court implied that its decision might have been different had the case arisen, as did Edwards, in the Miami area. However, while geography does serve to distinguish the two cases, the trial court relied on other grounds to deny Villavende's motion.
Deportation is at most a collateral consequence of a plea, and the court's failure to advise a defendant of such consequences before accepting a plea will not provide grounds to withdraw the plea[1]. United States v. Russell, 686 F.2d 35 (D.C. Cir.1982); United States v. Sambro, 454 F.2d 918 (D.C. Cir.1971); State v. Chung, 210 N.J. Super. 427, 510 A.2d 72 (1986). An argument can be made that a claim of ineffective counsel should not be predicated on the same type of omission since the end result (and the relief prayed for in Villavende's motion) would be the same, withdrawal of the plea. Some other jurisdictions have refused to impute ineffective assistance regardless of the incompleteness or incorrectness of counsel's advice about deportation. See, e.g., United States v. Vizcarra-Delgadillo, 395 F.2d 70 (9th Cir.), cert. dismissed, 393 U.S. 957, 89 S.Ct. 387, 21 L.Ed.2d 371 (1968); Briscoe v. United States, 391 F.2d 984 (D.C. Cir.1968); Government of the Virgin Islands v. Pamphile, 604 F. Supp. 753 (D.V.I. 1985); Tafoya v. State, 500 P.2d 247 (Alaska 1972), cert. denied, 410 U.S. 945, 93 S.Ct. 1389, 35 L.Ed.2d 611 (1973); State v. Chung, supra. In United States v. Campbell, 778 F.2d 764 (11th Cir.1985), the federal court specifically declined to adopt Edwards. On the other hand, Edwards was cited with approval in Commonwealth v. Wellington, 305 Pa.Super. 24, 451 A.2d 223 (1982). The trial court denied the present motion primarily on the authority of Campbell. We concur in his reasoning.
The situation might be different if the attorney made affirmative misrepresentations *457 about the defendant's future immigration status. See, e.g., Downs-Morgan v. United States, 765 F.2d 1534 (11th Cir.1985); People v. Padilla, 151 Ill. App.3d 297, 104 Ill.Dec. 522, 502 N.E.2d 1182 (1986). Bad advice relied upon to his detriment by a criminal defendant may rise to the level of ineffective assistance regardless of whether it relates to matters (such as the direct consequences of a plea) that the court is obligated to discuss with the defendant. See, e.g., Ray v. State, 480 So.2d 228 (Fla. 2d DCA 1985). Villavende's motion does not allege that counsel gave incorrect advice, only that the question of deportation was discussed insufficiently or not at all. Further, the motion does not specifically allege that counsel even knew his client was a foreign national. For this reason we find that Villavende's motion does not make out a prima facie showing of ineffectiveness.
Affirmed.
CAMPBELL, A.C.J., and HALL, J., concur.
NOTES
[1] It should be noted that a handful of jurisdictions have enacted statutes requiring a trial court to advise a defendant that a criminal conviction may result in deportation. See, e.g., Cal.Penal Code § 1016.5 (Deering 1983); Conn. Gen. Stat. Ann. § 54-lj (West 1985); Mass. Gen. Laws Ann. ch. 278 § 29D (West 1981); Or. Rev. Stat. § 135.385 (1985); Wash. Rev. Code Ann. § 10.40.200.