513 So.2d 122 (1987)
STATE of Florida, Petitioner,
v.
Gerardo FUNDORA, Respondent.
No. 70150.
Supreme Court of Florida.
September 24, 1987.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., Miami, for petitioner.
Michael E. Allen, Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
EHRLICH, Justice.
We have for review Fundora v. State, 508 So.2d 1250 (Fla. 3d DCA 1987), because of conflict with our recent decision in State v. Ginebra, 511 So.2d 960 (Fla. 1987). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash the decision below.
Relying on its decisions in Ginebra v. State, 498 So.2d 467 (Fla. 3d DCA 1986), and Edwards v. State, 393 So.2d 597 (Fla. 3d DCA 1981), the district court below reversed the trial court's summary denial of Fundora's Florida Rule of Criminal Procedure 3.850 motion, finding that "1) appellant's contentions, that his counsel was ineffective in failing to inform Fundora of the possibility of deportation as a result of his guilty plea and that his pleas were made involuntary as a result of this lack of information, are valid grounds for collateral relief from his guilty pleas ... and 2) appellant sufficiently alleges facts which, if proven, would support his prayer for relief." 508 So.2d at 1250 (citations omitted). In State v. Ginebra, we recently quashed the third district's decision in that case and expressly disapproved its reasoning in Edwards, holding that "counsel's failure to advise his client of the collateral consequence of deportation does not constitute ineffective assistance of counsel." 511 So.2d at 962.
The trial court's summary denial of Fundora's 3.850 motion was proper under our holding in Ginebra. Accordingly, we quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT and GRIMES, JJ., concur.