GARRETT, Judge.
The trial court summarily denied appellant’s motion for post-conviction relief.
Appellant pled guilty to violating his probation for burglary, grand theft and possession of a controlled substance. He also pled guilty to charges of dealing in stolen property and possession of cocaine. Appellant was sentenced to three consecutive maximum terms of five years for the probation violations and to maximum terms of fifteen years for dealing in stolen property and five years for possession of cocaine. All sentences were to run concurrently.
Appellant contends he “did not have a clear understanding of the ... length of sentence [he] was facing ... [he] believed if [his] probation was only for one year that the most [he] could be found guilty of and sentenced to was one year.”
*57 A trial judge when determining the vol-untariness of a guilty plea must, among other things, determine that a defendant understands the maximum possible penalty provided by law. Fla.R.Crim.P. 3.172(c)(i).
Unless the record conclusively shows appellant is entitled to no relief from his conviction and sentence, we must reverse and remand for an evidentiary hearing. Fla.R.App.P. 9.140(g). The transcript attached to the state’s response reveals the word “maximum” was never mentioned during appellant’s plea colloquy. Accordingly, we find appellant is entitled to an evidentiary hearing on the issue of whether his plea was voluntarily made with an understanding of the maximum possible penalties.
As to appellant’s remaining points, the record contains a sentencing guidelines scoresheet which conclusively shows the sentence appellant received did not exceed the recommended guideline sentence. Likewise, a further reading of the plea colloquy conclusively shows effective assistance of counsel as appellant acknowledged having the opportunity to talk to his attorney and being satisfied with the attorney’s advice.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
DOWNEY and POLEN, JJ., concur.