NIMMONS, Judge.
In Jánuary 1981, appellant was sentenced, pursuant to jury verdicts, on three counts of aggravated assault committed approximately one year previously.[1] In December, 1986, the appellant filed a Rule 3.850 motion. The grounds asserted were patently insufficient to state grounds for relief under Rule 3.850. The motion was also not sworn to as required by the Rule. On the same date, appellant moved the trial court for an enlargement of time in which to amend his 3.850 motion. He averred that he had been incarcerated in another state during a portion of the intervening years and only recently learned the time limitation for filing 3.850 motions. The court entered an order extending the time for filing an amended motion to April 1, 1987. Pursuant to a second motion for extension, the trial court entered another order granting a further extension to and including September 15, 1987.
Appellant’s sentence expired and he was released from custody on May 1, 1987. On September 11, 1987, the appellant filed a prolix amended motion consisting of some 200 pages.
We affirm the trial court’s order denying the appellant’s motion. Rule 3.850 states in pertinent part:
A prisoner in custody under sentence of a court established by the laws of Florida claiming the right to be released ... may move the court which entered the judgment or imposed the sentence to vacate, set aside or correct the judgment or sentence, (emphasis supplied)
When, a prisoner files his post-conviction motion, he must be “in custody.”[2] This requirement is jurisdictional. In Wall v. State, 525 So.2d 486 (Fla. 1st DCA 1988), this court found that “the trial court did not have jurisdiction to consider appellant’s petition” because he had been released from custody prior to the date on which he filed his post-conviction motion and his present incarceration in another state was not affected by the Florida conviction. See also State v. Morris, 538 So.2d 514 (Fla. 3rd DCA 1989).
The United States Supreme Court’s construction of the federal habeas corpus statute is consistent with the view taken by this court. In Carafas v. LaVallee, 391 U.S. 234, 239, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554, 559 (1968), the court stated in pertinent part:
The federal habeas corpus statute requires that the applicant must be “in custody” when the application for habeas corpus is filed. This is required not only by the repeated references in the statute, but also by the history of the great writ. Its province, shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person.
Even assuming that the appellant was entitled to have his original motion (filed prior to his release) heard and considered after completion of his sentence, see State v. Bolyea, 520 So.2d 562 (Fla.1988); Carafas v. LaVallee, supra, Maleng v. Cook, — U.S. —, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), he was not entitled to be heard on the motion filed post-release. As earlier indicated, the original motion was patently insufficient and thus properly denied.
Accordingly, the appealed order is affirmed.
ERVIN and SMITH, JJ., concur.

. The appellant’s sentences included consecutive three-year mandatory minimum terms. On a Rule 3.800 motion, this aspect of his sentences was corrected pursuant to this court’s opinion in Gardner v. State, 515 So.2d 408 (Fla. 1st DCA 1987).

. In Rita v. State, 470 So.2d 80, 82 (Fla. 1st DCA 1985), this court held that ”[t]he meaning of ‘custody’ as used in rule 3.850 is the same as that applied to determine the right or standing of a person to petition for a writ of habeas corpus.”