DAUKSCH, Judge.
This is an appeal from an order denying post-conviction relief. Fla.R.Crim.P. 3.850.
Appellant alleges he was denied effective assistance of counsel and seeks to have the judgment and sentence vacated. His complaint against his lawyer involves a novel issue. He alleges that he was convicted after a jury trial of trafficking in cocaine, that he is an alien and that he may be deported from this country upon completion of his prison sentence. He says that his lawyer should have done certain things to assure that he will not be deported as a result of his conviction.
Under federal law, 8 U.S.C.A. § 1251(a)(4) (1970 and Supp.1989), any alien who has resided in our country less than five years, is convicted of a felony involving moral turpitude and is sentenced to prison for a year or more, may be deported. However, if he obtains relief through 8 U.S.C.A. § 1251(b) the deportation will not occur. That statute permits the sentencing judge to prevent deportation by his recommendation to the United States Attorney General that no deportation occur, if the recommendation-is made at sentencing or within thirty days thereafter.
Appellant says the failure of his lawyer to seek the recommendation of the sentencing judge caused no recommendation to be made and will result in his deportation.
The trial judge denied the motion for collateral relief on the basis that the failure to assist in prevention of deportation is not a denial of effective assistance of counsel in Florida. The judge analogized this case to State v. Ginebra, 511 So.2d 960 (Fla. 1987) which held that a lawyer’s failure to advise his client that a guilty plea may subject him to deportation was not such ineffective assistance of counsel to permit collateral attack. There is a federal case, also cited by the judge below, directly on point which holds that failure to seek a section 1251(b) recommendation is a denial of effective assistance of counsel. Janvier v. United States, 793 F.2d 449 (2nd Cir. 1986). Janvier holds that an accused is entitled to adequate counsel through the sentencing phase of the proceedings against him and the failure to seek the prevention of deportation is the denial of an important right.
We cannot answer the question or afford any relief to appellant here because he was convicted of trafficking in cocaine and by the very terms of 8 U.S.C.A. § 1251(b) he is excluded from its benefits. That statute says that its provisions do not apply to persons charged with being deportable under 8 U.S.C.A. § 1251(a)(ll), those convicted of drug violations.
AFFIRMED.
DANIEL, C.J., and GOSHORN, J., concur.