578 So.2d 789 (1991)
Mevoine Bruce DUGART a/K/a Mevoine Dugard, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2392.
District Court of Appeal of Florida, Fourth District.
April 17, 1991.
*790 Michael R. Masinter, and Lisa Franchina, Certified Legal Intern, Shepard Broad Civil Law Clinic, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We treat this appeal as a petition for writ of coram nobis, which we grant with direction to the trial court to conduct an appropriate evidentiary hearing pursuant to Richardson v. State, 546 So.2d 1037 (Fla. 1989).
The defendant was arrested on September 7, 1989 and charged by information with battery and aggravated assault. On October 5, 1989, a public defender was appointed to his case, and on November 27, 1989, the defendant pled nolo contendere to both charges. In accepting the defendant's plea, the trial court failed to inform him, as mandated by Florida Rule of Criminal Procedure 3.172(c)(viii), that his plea could subject him to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service (INS). Additionally, the defendant's appointed public defender erroneously informed him that he only could be deported following a second felony conviction. The public defender also failed to file a motion for a judicial recommendation against deportation pursuant to 8 U.S.C. § 1252(b). The defendant was sentenced to a one year and one day term of imprisonment with credit for time served.
On February 8, 1990, the defendant was enrolled in the state's PRESS probation program. On February 19, 1990, INS took him into custody for deportation pursuant to an INS detainer order issued as a result of his plea and conviction. On February 21, 1990, the defendant filed an unsworn motion to vacate and set aside his plea pursuant to Florida Rule of Criminal Procedure 3.170(f), alleging three grounds: (1) the trial court violated Florida Rule of Criminal Procedure 3.172 at the plea hearing; (2) the public defender provided ineffective assistance of counsel in advising the defendant that the INS could not deport him until a second felony conviction; and (3) the public defender provided ineffective assistance of counsel in failing to seek a *791 judicial recommendation against deportation. The trial court denied the defendant's motion without prejudice and instructed him to file a motion pursuant to Florida Rule of Criminal Procedure 3.850.
On March 20, 1990, the Nova Civil Law Clinic entered an appearance on behalf of the defendant and filed a motion to vacate and set aside his plea pursuant to rule 3.850. On April 16, 1990, the trial court conducted a hearing on the defendant's motion. On April 17, 1990, the trial court entered an order denying the motion because: (1) the defendant did not swear to the allegations in the motion; and (2) the rule requires that the movant be a "prisoner in custody" at the time of filing and the court apparently did not consider probation to be custody.
At the time of the hearing, the defendant was confined to an INS detention center in El Paso, Texas. Consequently, it took some time, and the assistance of the El Paso Public Defender's Office, to get a sworn motion from him.
On May 4, 1990, the Nova Law Clinic filed for the defendant the sworn rule 3.850 motion together with a timely motion for rehearing. The motion for rehearing asserted that the trial court erred in determining that he was not in "custody" while he was still on probation and that the sworn, refiled motion cured the failure to file a sworn motion initially. The court conducted a hearing in order to determine when the defendant's probation had actually expired.
On August 1, 1990, the trial court determined that the defendant's PRESS probation expired on April 30, 1990. The sworn copy of the March 20 motion to vacate was refiled with the motion for rehearing on May 4, 1990, four days after the expiration of the defendant's PRESS probation. Therefore, the defendant was no longer "in custody" when he filed the sworn motion. As a result, the trial court concluded that it did not have jurisdiction over the motion, and denied rehearing. The trial court did, however, acknowledge that its prior determination that the defendant was not in custody when he filed his initial, unsworn motion was incorrect, as probation is custody for the purpose of rule 3.850.
Although writs of error coram nobis have been abolished in civil cases, the remedy remains viable in criminal cases because it has not been expressly abrogated or superseded. Hallman v. State, 371 So.2d 482 (Fla. 1979). Florida Rule of Criminal Procedure 3.850 has supplanted the writ of error coram nobis; however, "the only currently viable use for the writ is where the defendant is no longer in custody, thereby precluding the use of rule 3.850 as a remedy." Richardson, 546 So.2d at 1039. A claim of ineffective assistance of counsel may support a petition for writ of error coram nobis provided that the defendant is no longer in custody and the petition is supported by adequate factual allegations. Dequesada v. State, 444 So.2d 575 (Fla. 2d DCA 1984).
The plea colloquy demonstrates that the trial court failed to inform the defendant that his plea might subject him to deportation pursuant to INS regulations. Florida Rule of Criminal Procedure 3.172(c)(viii) requires that such an instruction be given to all defendants. In the instant case, the trial court knew that the defendant was an alien, and still failed to inform him of possible deportation. As a result, he was not informed as to the consequences of his plea, and should be permitted to prove that his plea was involuntary. See Williams v. State, 316 So.2d 267 (Fla. 1975).
The defendant also has alleged sufficient facts to support his ineffective assistance of counsel claims. His appointed public defender erroneously believed that the defendant would be subject to deportation only after a second felony conviction. The defendant alleges that he relied on this affirmative misinformation in entering his plea. Generally, a defendant should be allowed to withdraw a plea which is based upon a misunderstanding or misapprehension of the facts considered by the defendant in making the plea. Forbert v. State, 437 So.2d 1079 (Fla. 1983). In State v. Fundora, 513 So.2d 122 (Fla. 1987), the *792 supreme court held that defense counsel's failure to inform the defendant of possible deportation did not constitute ineffective assistance of counsel because deportation was only a "collateral consequence" of the plea. However, Fundora was decided one year before the enactment of Florida Rule of Criminal Procedure 3.172(c)(viii), which requires the trial judge to warn all defendants pleading guilty or nolo contendere of possible deportation. In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla. 1988). Therefore, whether Fundora remains viable is questionable.
The defendant further alleges that he received ineffective assistance of counsel in that his attorney failed to seek a recommendation by the sentencing judge to prevent his deportation. A sentencing judge's recommendation against deportation (JRAD) of an alien defendant is part of the sentencing phase of a criminal prosecution rather than part of the ensuing deportation proceeding; therefore, the right to effective assistance of counsel applies. Janvier v. United States, 793 F.2d 449 (2d Cir.1986). Accordingly, the failure of the defendant's attorney to move for a JRAD may constitute ineffective assistance of counsel. See Antoine v. State, 549 So.2d 802 (Fla. 5th DCA 1989).
The facts alleged support the defendant's claims of trial court error and ineffective assistance of counsel and form a sufficient application for writ of error coram nobis. If the alleged facts had been known to the trial court, they conclusively would have prevented the entry of judgment. The effect of these allegations, if true, mandate that the defendant's plea be withdrawn and his judgment and sentence vacated.
DOWNEY, GLICKSTEIN and GARRETT, JJ., concur.