PER CURIAM.
Appellant Michael Marriott appeals from a final order of the Broward circuit court which summarily denied his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for an evidentiary hearing on the issue of whether appellant’s nolo contendere plea was knowingly and voluntarily made.
*729 Appellant, who is from Jamaica, was charged with trafficking in cocaine, to which he entered a plea of nolo contendere on December 11, 1989. In accepting appellant’s plea, the trial court failed to inform him, as required by Florida Rule of Criminal Procedure 3.172(c)(viii), that his plea could subject him to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service (INS). Also, the trial court did not inform appellant that he could be assessed a monetary penalty in addition to incarceration. At the conclusion of the colloquy, appellant was adjudicated guilty of trafficking in cocaine and a presentence investigation was ordered. At subsequent sentencing proceedings, he was sentenced to a mandatory minimum term of five years in prison and a $100,000.00 fine.
Appellant did not appeal his conviction or sentence, but rather filed a motion for post-conviction relief in which he alleged that his plea was not voluntary and that his defense counsel rendered ineffective assistance. Among his claims on the first ground, appellant argued that he did not understand English well enough to have comprehended the proceedings which took place during the guilty plea colloquy, that he was not informed of the monetary penalty which could be assessed, that he was not informed by the trial court that he was subjecting himself to a mandatory minimum sentence, and that he was not informed by the trial court that his plea of nolo contendere subjected him to deportation pursuant to the laws and regulations of INS. Our review of the transcript of a motion to suppress and the plea colloquy convinces us that the first claim is wholly unfounded. This also defeats the claim of ineffective assistance of counsel wherein appellant argued that counsel failed to procure the services of an interpreter for him. Other claims of ineffective assistance were also raised, including ineffective assistance in failing to advise him of the possibility of a fine, deportation and the mandatory minimum sentence.
The plea colloquy demonstrates that the trial court failed to inform appellant that his plea might subject him to deportation pursuant to INS regulations and failed to apprise him of the possibility of a substantial monetary penalty as was ultimately imposed on him at sentencing. Florida Rule of Criminal Procedure 3.172(c)(viii) requires that an instruction regarding deportation be given if a defendant pleading guilty or nolo contendere is not a U.S. citizen. Rule 3.172(c)(i) requires the trial judge to determine that the defendant understands the mandatory minimum penalty provided by law.
A defendant should be allowed to withdraw a plea which is based on a misunderstanding or misapprehension of the facts considered by the defendant in making the plea. Forbert v. State, 437 So.2d 1079 (Fla.1983). It is true that the record does not provide a basis for this court to determine with absolute certainty that the trial court knew that the defendant was an alien and still failed to inform him of possible deportation. However, even assuming it did not know, appellant has made an adequate case of ineffective assistance of counsel for failure to advise him as to the possibility of deportation.
It is true that the Florida Supreme Court has in the past held that defense counsel’s failure to inform a defendant of possible deportation did not constitute ineffective assistance of counsel, because deportation was deemed to be only a “collateral consequence” of the plea. State v. Fundora, 513 So.2d 122 (Fla.1987). However, Fun-dora, preceded the enactment of Florida Rule of Criminal Procedure 3.172(c)(viii), expressly requiring the trial judge to warn all defendants pleading guilty or nolo con-tendere of possible deportation. In re Amendments To Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla.1988). Thus, as we said in Dugart v. State, 578 So.2d 789 (Fla. 4th DCA 1991), whether Fundora remains viable is indeed questionable.
In the Dugart decision, this court in treating an appeal as a petition for writ of coram nobis, found that a defendant had alleged sufficient facts to support claims of ineffective assistance of counsel on the grounds that an appointed public defender *730 erroneously believed that the defendant would be subjected to deportation only after a second felony conviction, and that the defendant relied on this affirmative misinformation in entering his plea. The defendant there had also alleged ineffective assistance of counsel in that his attorney failed to seek a recommendation by the sentencing judge to prevent his deportation. This court found these facts to support a claim of ineffective assistance of counsel. We also found sufficient claims of trial court error for failure to inform the defendant that his plea might subject him to deportation. The panel said that if these facts had been known to the trial court, they conclusively would have prevented the entry of a judgment and would mandate that the defendant’s plea be withdrawn and his judgment and sentence vacated. Id. at 792.
In Huot v. State, 516 So.2d 1140 (Fla. 4th DCA 1987), we reversed a conviction of possession of an automobile with an altered vehicle identification number and grand theft and remanded with directions to permit the appellant to withdraw his plea of guilty where the appellant was not advised by the trial court when he entered his guilty plea of the maximum possible sentence and possible penalties. This court acknowledged that failure to advise a defendant of a maximum possible sentence prevents the defendant from being properly apprised of the significance of his plea and is therefore error for which the defendant must be afforded the opportunity to withdraw a plea of guilty. Id. at 1141, citing Green v. State, 406 So.2d 1148 (Fla. 1st DCA 1981), approved, 421 So.2d 508 (FIa.1982). See also Williams v. State, 546 So.2d 56 (Fla. 4th DCA 1989).
Accordingly, as the record does not show conclusively that the appellant is entitled to no relief, we reverse the order summarily denying post-conviction relief, and remand for an evidentiary hearing on the issue of whether the plea was voluntarily made with an understanding of the possible penalties and possibility of deportation.
LETTS and GARRETT, JJ., concur.
STONE, J., concurs specially with opinion.