585 So.2d 388 (1991)
Manuel Ambrosio LEMUS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00981.
District Court of Appeal of Florida, Second District.
August 21, 1991.
*389 Joseph Torres and Karen S. Beavin of Law Offices of Joseph Torres, P.A., Naples, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Manuel Lemus appeals the denial of his motion for postconviction relief. We reverse.
Pursuant to an agreement with the state, Lemus entered a plea to charges that he dumped trash on February 8, 1989, for commercial purposes, a violation of section 403.413, Florida Statutes (1989). Lemus, a citizen of El Salvador, now alleges that his trial counsel misled him as to the effect of the felony plea on his immigration status. We find that the motion sets forth a prima facie showing of entitlement to relief, based on the standards set forth in Villavende v. State, 504 So.2d 455 (Fla. 2d DCA), rev. denied, 511 So.2d 300 (Fla. 1987).[1]
It is not disputed that Lemus, though placed on probation in exchange for his plea, has standing to seek relief under Florida Rule of Criminal Procedure 3.850. State v. Bolyea, 520 So.2d 562 (Fla. 1988). The motion was filed prior to the expiration of the probationary term, once it became apparent to Lemus that he faced losing "permanent residency" status and possible deportation. However, the motion was not filed under oath and was stricken upon motion by the state. See Williams v. State, 561 So.2d 1349 (Fla. 1st DCA 1990). In striking the motion, the trial court specifically referred to the defect as a "technicality" and indicated that the dismissal was "without prejudice."
Lemus promptly amended his motion.[2] By that time, however, his term of probation had expired. For this reason, relying on Gardner v. State, 548 So.2d 900 (Fla. 1st DCA 1989), the trial court determined it no longer had jurisdiction and denied the motion. We distinguish Gardner and conclude that the trial court should have reached the merits of Lemus's motion.
The trial court's reference to "jurisdiction" indicates a finding that Lemus no longer was "in custody," a prerequisite for relief under rule 3.850. Simmons v. State, 485 So.2d 475 (Fla. 2d DCA 1986). However, a petitioner is not necessarily foreclosed from relief because his sentence or term of probation expires before the trial court can rule on the motion. Rather, the operative date for determining the petitioner's custodial status is the date he submits *390 the motion. Laytner v. State, 239 So.2d 857 (Fla. 3d DCA 1970). But for the fact his original motion was stricken as not properly sworn, there would be no question that Lemus timely filed his motion. We must therefore consider whether Lemus should be foreclosed from relief solely because of his initial, technical noncompliance with the rule.
In Gardner the defendant, like Lemus, originally filed an unsworn motion. Unlike Lemus's motion, Gardner's was also "patently insufficient." Gardner, 548 So.2d at 901. The trial court nevertheless granted leave to amend. After several extensions and nine months, Gardner eventually filed "a prolix amended motion consisting of some 200 pages." Id. Since this de novo motion was submitted after the sentence had expired, the appellate court held that the trial court correctly refused to consider it. Such a finding is consistent with this court's policy of disapproving potentially endless supplements and addenda to post-conviction motions, particularly when filed after some procedural deadline. See, e.g., Ferro v. State, 510 So.2d 339 (Fla. 2d DCA 1987). However, the court in Gardner did not explicitly hold that the original motion was similarly barred from consideration. Rather, the court found no need to address the issue since the motion was, as stated, wholly insufficient.
We believe that Gardner is properly limited to its facts and should not operate to bar relief where the defendant's primary modification to the original motion is a timely correction to bring it into technical compliance with rule 3.850. Lemus's entitlement to be heard on the merits of his motion is particularly compelling since, by withdrawing and redrafting his motion, he was acting pursuant to direction from the trial court itself. Cf. Tobey v. State, 566 So.2d 603 (Fla. 2d DCA 1990).
Reversed.
DANAHY, A.C.J., and LEHAN and ALTENBERND, JJ., concur.
NOTES
[1] Deportation and other immigration-related difficulties may be regarded as collateral consequences of a criminal conviction. Accordingly, the failure of counsel to warn an alien defendant of these potential consequences has not been viewed as constituting ineffective assistance. See, e.g., State v. Fundora, 513 So.2d 122 (Fla. 1987). However, in Villavende we stated that the result might be different where the attorney affirmatively provided incorrect advice regarding immigration consequences. After Villavende was decided, the supreme court adopted Florida Rule of Criminal Procedure 3.172(c)(viii), requiring trial courts to admonish all defendants of the possibility of deportation, which rule became effective January 1, 1989. The new rule applies to Lemus's case. A violation of this rule may entitle a defendant to postconviction relief upon a sufficient showing of prejudice. Marriott v. State, 582 So.2d 728 (Fla. 4th DCA 1991).
[2] In so doing he restyled his motion to include a prayer for coram nobis relief. Coram nobis remains available as a vehicle for raising "newly discovered evidence" where the petitioner is no longer "in custody" for purposes of rule 3.850. Richardson v. State, 546 So.2d 1037 (Fla. 1989). Because we rule for Lemus on the issue of custody, we need not decide whether the motion adequately presents matters that could not earlier have been ascertained despite the exercise of due diligence. See Scott v. Wainwright, 433 So.2d 974 (Fla. 1983).