603 So.2d 120 (1992)
Ronald ROZIER, Petitioner,
v.
STATE of Florida, Respondent.
No. 92-507.
District Court of Appeal of Florida, Fifth District.
August 7, 1992.
Ronald Rozier, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for respondent.
W. SHARP, Judge.
Rozier petitions this court for a writ of common law certiorari to reverse an order of the trial court which denied his "Motion to Amend and/or Supplement Pleading" in his proceeding for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.
The State first questions the petition's timeliness. Florida Rule of Appellate Procedure 9.100(c) requires that a petition for writ of certiorari be filed within thirty days of the rendition of the order to be reviewed. It appears that the order under consideration was rendered on February 6, 1992. Because the petition for certiorari was filed in this court on March 5, 1992, the filing was timely even without taking into account the petitioner's uncontradicted statement that he gave the petition to prison authorities on February 28, 1992.
The petition asserts the trial court departed from the essential requirements of law and left the petitioner without an adequate remedy on appeal when it refused to let him supplement his motion for post-conviction relief with Tonjia Welch's affidavit. Tonjia alleged in her affidavit that she falsely incriminated the petitioner before his trial, and had offered, without success, to testify at his trial that he was innocent. Tonjia swore she was terrorized into lying that Rozier killed Mary Baker. At the time she made that statement, the man who was terrorizing her had admitted to her that he had killed Baker.
According to the petition, the trial court refused to permit amendment of Rozier's motion for post-conviction relief because, even though his rule 3.850 motion was timely filed, it was filed without supporting documents, and the two-year time limit for filing such motions under Florida Rule of Criminal Procedure 3.850 expired before he attempted to supplement with the Welch affidavit. The motion to supplement was filed about four days after the rule 3.850 *121 motion was filed, but after the two-year period ended. The petitioner blames prison authorities for his inability to file the affidavit along with the rule 3.850 motion, but his allegations lack specificity. The trial court's order does not express any reason for denying the motion to amend and/or supplement.
Before reaching the merits of the claim, we examine whether certiorari is an appropriate remedy. The order in question is not one of those non-final orders from which an appeal is permitted. Florida Rule of Appellate Procedure 9.130(a)(2) provides that review of non-final orders in criminal cases shall be as prescribed by rule 9.140. The appeals permitted a defendant by rule 9.140 do not include an order denying a motion to amend or supplement a motion for post-conviction relief. The Committee Notes (1977 Revision) to rule 9.140 state:
Subsection (b)(1) lists the only matters which may be appealed by a criminal defendant and is intended to supersede all other rules of practice and procedure. This rule has no effect on ... the availability of extraordinary writs otherwise within the jurisdiction of the court to grant ...
Applying the standard set out in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098-1099 (Fla. 1987), and Bowl America Florida, Inc. v. Schmidt, 386 So.2d 1203 (Fla. 5th DCA 1980), non-final orders like the one rendered in this case can be reviewed by certiorari if they depart from the essential requirements of law and thus will cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal. In this case, we think the trial court departed from the essential requirements of law by refusing (without stating any valid reason) to permit Rozier to supplement his timely-filed motion for post-conviction relief. We possess insufficient information to evaluate the import of the affidavit or its possible impact on the petitioner's case, but the affidavit is apparently relevant to issues raised in the rule 3.850 motion, and no reason has been shown for excluding it.
Amendments and supplements to rule 3.850 motions are commonplace. See, e.g., Wright v. State, 581 So.2d 882 (Fla. 1991); Herring v. State, 580 So.2d 135 (Fla. 1991). We believe that the principle expressed in Florida Rule of Civil Procedure 1.190(e) applies here:
At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.
The civil rule is pertinent because post-conviction collateral remedies such as those initiated under rule 3.850 are in the nature of independent collateral civil actions. See State v. White, 470 So.2d 1377, 1378 (Fla. 1985). In State v. Lasley, 507 So.2d 711 (Fla. 2d DCA 1987), the court noted that, "[l]ike a habeas corpus proceeding an action under rule 3.850 is considered civil in nature and collateral to the criminal prosecution which resulted in the judgment of conviction, notwithstanding the inclusion of rule 3.850 within the criminal rules."
As for the question of timeliness, our supreme court has recently stated, referring to amended rule 3.850 motions, that "the two-year limitation does not preclude the enlargement of issues raised in a timely-filed first motion for post-conviction relief." Brown v. State, 596 So.2d 1026 (Fla. 1992); Lemus v. State, 585 So.2d 388 (Fla. 2d DCA 1991). In Lemus, a rule 3.850 motion was filed prior to expiration of the movant's probationary term and was stricken because it was not under oath. When the movant amended the motion after the expiration of the probationary term, the trial court denied the amended motion on ground of lack of jurisdiction. But cf. Gardner v. State, 548 So.2d 900 (Fla. 1st DCA), rev. denied, 557 So.2d 866 (Fla. 1989).
In the instant case the motion to amend or supplement the rule 3.850 motion was filed shortly after the deadline for filing the rule 3.850 motion, which itself had been timely filed. Only a few days had passed *122 since the filing of the rule 3.850 motion thus eliminating any issue of laches. Although Florida Rule of Criminal Procedure 3.850 provides that with certain exceptions no motion may be filed under that rule more than two years after the judgment and sentence become final, that provision does not bar the filing of a relevant supplementary document within a reasonable time after the two-year deadline if the pending rule 3.850 motion itself was timely filed.
The question remains whether the petitioner has available an adequate remedy on appeal if the trial court ultimately denies his rule 3.850 motion. We find that he may not have such a remedy. If the trial judge should summarily deny the motion, Florida Rule of Appellate Procedure 9.140(g) provides for a limited record on appeal consisting of "conformed copies of the motion, order, motion for rehearing and order thereon, with a certified copy of the notice." There would be no place for the Welch affidavit in that record. Furthermore, the same subsection states, "No briefs or oral argument shall be required," which according to the custom of this court means that no briefs are considered unless authorized. Thus there is no certainty that on appeal this court would see the Welch affidavit or review the issue of denial of supplementation of the rule 3.850 motion.
We grant the petition, reverse the trial court's order of February 3, 1992 denying the motion to amend and/or supplement pleading, and remand for entry of an order granting the petitioner's December 24, 1991 motion to supplement his rule 3.850 motion with the affidavit of Tonjia Welch,[1] and for further proceedings consistent with this opinion.
REVERSED and REMANDED.
COBB and HARRIS, JJ., concur.
NOTES
[1] Although the petitioner filed two identically entitled motions, "Motion to Amend and/or Supplement Pleading", one dated December 22, 1991, and the other dated December 24, 1991, and the trial court's order of February 3, 1992 does not indicate which motion it is denying, the petition specifies that the December 24 motion is the subject of this certiorari proceeding.