605 So.2d 985 (1992)
Michael Donovan MARRIOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3482.
District Court of Appeal of Florida, Fourth District.
October 7, 1992.
*986 Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for appellee.
EN BANC
PER CURIAM.
We sua sponte consider this appeal en banc for purposes of receding from our position in Marriott v. State, 582 So.2d 728 (Fla. 4th DCA 1991) ("Marriott I"), which we now deem to be erroneous.
Michael Donovan Marriott brought this as a full appeal from an order entered pursuant to a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. The trial court entered judgment of guilt on appellant's plea of nolo contendere to a charge of trafficking in cocaine in an amount over 400 grams. The court sentenced appellant to a minimum mandatory term of five (5) years in prison and imposed the mandatory $100,000 fine. Appellant pro se filed a Rule 3.987 Motion for Post Conviction Relief (the form motion to raise claims under rule 3.850). Judge Futch entered an order denying the motion without an evidentiary hearing. Appellant pro se appealed the order; we reversed and remanded the cause for an evidentiary hearing in Marriott I.
On remand from Marriott I, an assistant public defender represented appellant at the hearing before Judge Greene. Following the hearing, Judge Greene denied appellant's rule 3.850 motion, but indicated that he would grant a motion to withdraw the plea if appellant so moved. The trial court apparently felt that a rule 3.850 motion was not the proper procedural device to raise the issues presented here. Instead Judge Greene indicated appellant should utilize a writ of coram nobis as the procedural vehicle. A writ of coram nobis, however, is the proper vehicle where a defendant is no longer in custody. See Dugart v. State, 578 So.2d 789 (Fla. 4th DCA 1991). Appellant was in custody when he filed his motion under rule 3.850. As a result, a rule 3.850 motion was the proper procedural vehicle to invoke the court's jurisdiction to vacate appellant's nolo contendere plea, State v. Lasley, 513 So.2d 1372 (Fla. 2d DCA 1987), and the trial court could properly have permitted appellant to withdraw his plea.
After the evidentiary hearing the trial court found, and the record supports, that appellant's attorney did not apprise appellant of the possible deportation consequences. Appellant argues that the trial court violated this court's mandate in Marriott I when it ruled that defense counsel's failure to advise him regarding immigration consequences of his plea did not constitute ineffective assistance of counsel. We recognize that in Marriott I, relying on Dugart v. State, 578 So.2d 789 (Fla. 4th DCA 1991), we wrote:

*987 It is true that the record does not provide a basis for this court to determine with absolute certainty that the trial court knew that the defendant was an alien and still failed to inform him of possible deportation. However, even assuming it did not know, appellant has made an adequate case of ineffective assistance of counsel for failure to advise him as to the possibility of deportation.
582 So.2d at 729. In Dugart, however, the defense attorney erroneously believed and advised the defendant that he would be subject to deportation only after a second felony conviction. The defendant relied on this affirmative misinformation when he entered his plea. At bar, defense counsel omitted entirely any discussion of possible deportation.
In light of Fundora v. State, 513 So.2d 122 (Fla. 1987) (immigration consequences are collateral to a plea and thus, ineffective assistance of counsel cannot be based on immigration consequences), as well as our holdings in Dugart and Marriott I, we deem it appropriate to revisit this issue in the context of rule 3.172(c)(viii). See Wallace v. P.L. Dodge Memorial Hospital, 399 So.2d 114, 116 (Fla. 3d DCA 1981). Fundora characterizes immigration consequences as a "collateral" issue which does not rise to a level of import to render counsel's failure to advise a defendant regarding deportation (as opposed to counsel misinforming his client) as constituting ineffective assistance of counsel. In Dugart and Marriott I, we questioned Fundora's viability in the context of rule 3.172(c)(viii). The rule, however, is conspicuously silent as to defense counsel's duty to apprise defendants of possible immigration consequences of a plea. We hold that defense counsel's failure to advise appellant at bar as to the possible immigration consequences of his plea does not make an adequate case of ineffective assistance of counsel.
We do, however, find merit in appellant's second point on appeal, that the trial court's failure to advise him regarding immigration consequences sufficiently prejudiced him so that he should be permitted to withdraw his plea. We conclude that rule 3.172(c)(viii) renders it mandatory for the trial judge to instruct all defendants in all cases regarding possible immigration consequences.[1]See also In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992 (Fla. 1988). Accordingly, we also recede from Marriott I to the extent that our opinion renders conditional the trial court's duty to inform defendants of the potential for deportation.[2]
Furthermore, it is undisputed that appellant's entry of a nolo contendere plea subjected him to the possibility of deportation. We hold that the threat of deportation was sufficient for a showing of prejudice as required under Simmons v. State, 489 So.2d 43 (Fla. 4th DCA 1986). Appellant's entire family resides in the United States; he has no relatives remaining in his native Jamaica. He made it known that he would not have entered the nolo contendere plea had he known of these consequences. In Marriott I, we reversed and remanded for a hearing as to "whether the plea was voluntarily made with an understanding of the possible penalties and the possibility of deportation." 582 So.2d at 730. We found that the plea colloquy demonstrated that the trial court failed to inform appellant that his plea might subject him to deportation. Id. at 729. We also held that "[a] defendant should be allowed to withdraw a plea which is based on a misunderstanding or misapprehension of the facts considered by the defendant making the plea. Forbert v. State, 437 So.2d 1079 (Fla. 1983)." 582 So.2d at 729. Due process requires a court accepting a guilty or nolo contendere plea to "carefully inquire into the defendant's *988 understanding of the plea, so that the record contains an affirmative showing that the plea was intelligent and voluntary." Koenig v. State, 597 So.2d 256, 258 (Fla. 1992) (citation omitted). It is evident that the trial court's misapprehension of the proper procedural vehicle to challenge voluntariness of appellant's plea is the reason why this issue is once again before us.
Accordingly, we reverse and remand with directions to the trial court to vacate appellant's conviction and sentence and permit appellant to withdraw his plea and proceed to trial.
GLICKSTEIN, C.J., and DOWNEY, ANSTEAD, HERSEY, DELL, GUNTHER, STONE, WARNER, POLEN and FARMER, JJ., concur.
LETTS, J., dissents without opinion.
GARRETT, J., recused.
NOTES
[1] Rule 3.172(c)(viii) states that "[i]t shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases." (Emphasis supplied.)
[2] In Marriott I, we wrote: "Florida Rule of Criminal Procedure 3.172(c)(viii) requires that an instruction regarding deportation be given if a defendant pleading guilty or nolo contendere is not a U.S. citizen." 582 So.2d at 730 (emphasis added). The rule however, is not stated in conditional terms.