684 So.2d 258 (1996)
Albino PERRIELLO, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0759.
District Court of Appeal of Florida, Fourth District.
December 4, 1996.
*259 Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Edward Giles, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, Judge.
Defendant, an Italian citizen, was initially charged with two counts of capital sexual battery which were reduced in a plea agreement to lewd, lascivious or indecent acts. After his conviction and sentence, the Immigration and Naturalization Services (INS) instituted deportation proceedings against him. He then filed a motion for post-conviction relief, alleging that the trial court erred in failing to inform him orally of the potential deportation consequences of his plea. After an evidentiary hearing, the trial court denied his motion. This appeal timely followed.
Defendant claims that there is no affirmative showing that his plea was intelligent and voluntary, claiming that he was prejudiced by the trial court's failure to inform him of the potential deportation consequences of his plea. He has since been notified that deportation proceedings have been begun against him because of his conviction. He seeks to withdraw his plea, citing Marriott v. State, 605 So.2d 985 (Fla. 4th DCA 1992), and De Abreu v. State, 593 So.2d 233 (Fla. 1st DCA 1991), pet. for rev. dismissed, 613 So.2d 453 (Fla.1993).
Rule 3.172(c)(8), Florida Rules of Criminal Procedure, requires that the trial judge place the defendant under oath and address the defendant personally. The judge is required to determine whether defendant understands that, if he is not a citizen of the United States, the plea and resulting conviction may subject him to deportation under the immigration laws of the United States. The rule expressly provides that it is not necessary for the judge to inquire as to whether the defendant is a United States citizen, because the admonition must be given to all defendants in all cases.
In Marriott we held that it is mandatory for a trial judge to instruct all defendants in all cases about possible immigration consequences of a plea. The plea colloquy in this case reflects that the trial judge did not at any time advise the defendant that deportation was a potential consequence of his plea. Rule 3.172(i) states that failure to follow this procedure does not render a plea void, unless there is a showing of prejudice. In Marriott we held that threatened deportation resulting from a plea was sufficient prejudice and that defendant should be permitted to withdraw his plea. Appellant has now been notified by the INS that he is subject to deportation as a result of his conviction, and proceedings have been commenced against him. Hence, under Marriott appellant has shown both noncompliance with the rule and resulting prejudice.
The state argues that the failure of the trial judge to comply with rule 3.172(c)(8) is harmless in this case because appellant signed a written plea agreement that expressly warned of possible immigration consequences from a conviction. Although defendant signed the plea agreement containing the deportation warning, initialing every page, the deportation warning was one short paragraph in a seven page document. We also note that trial counsel testified that he read the entire plea agreement to the defendant in the holding cell adjoining the courtroom just prior to the plea. Counsel further testified that when the defendant *260 was read the agreement, he never indicated that he was not a United States citizen.
In Koenig v. State, 597 So.2d 256 (Fla. 1992), the supreme court vacated a plea where the plea colloquy was deficient, even though the defendant had signed a detailed written waiver of his rights. There, the defendant had signed a detailed waiver form before his hearing and, in response to the trial judge's inquiry, stated that he had discussed the waiver with his attorney. Id. There was nothing in the record, however, to demonstrate that the defendant in Koenig understood the form he had signed or what his attorney told him about it.
In this case, the record reflects that defendant is a 45 year old immigrant who came to the United States at the age of 12. He testified at the evidentiary hearing that he had a tenth grade education and that his English language comprehension was not very good at the time of the plea. As in Koenig, defendant initialed every page and signed the plea agreement. There is no record evidence, however, showing that defendant understood the contents of the form, or that he understood that he might be subjected to deportation as a result of his plea.
The language of rule 3.172(c) is mandatory. The rule does not permit a written plea agreement to substitute for an on-the-record plea colloquy. Neither the signing of the waiver form, nor the reading of the written plea agreement to the defendant by his trial counsel, can alone satisfy the rule's requirement that the trial judge actually ascertain in open court that defendant understands the possible consequences of a conviction on his resident alien status. It follows that defendant be permitted to withdraw his plea and proceed to trial.
REVERSED.
STONE and POLEN, JJ., concur.