SCHACK, LARRY, Associate Judge,
concurring specially.
I concur with the majority that prior opinions of this court require affirmance. However, I believe the court should readdress that authority en banc.
The appellee, the defendant below, was charged with aggravated assault and simple battery. The defendant, who was not an American citizen, entered a plea of nolo contendere to the two charges, was placed on probation, and required to serve a short term in the county jail. Approximately seven months after being placed on probation, the defendant filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. The key allegation is set out in paragraph 14. of the defendant’s motion as follows:
The Petitioner pled to the offenses of aggravated assault and battery, both of which are crimes of violence. The Petitioner challenges that his plea was involuntary, and that he was denied the effective and competent assistance of trial counsel as guaranteed by the United States and Florida Constitutions, because his counsel, nor the trial court advised him that a plea to 2 violent offenses would subject him to deportation. The Petitioner has been ordered to show cause why he should not be deported, because of his plea in this case.
An emergency hearing was held by the trial court. At the hearing on the motion, the defense attorney stipulated that “... [prior defense counsel] did, in fact, discuss with his client the possibility of deportation, and that as a result of those conversations it was indicated by the defendant that, despite the fact that he might face deportation, he chose to enter the plea, anyway.” The prosecutor, as an officer of the court, conceded that based on existing appellate decisions from this court, the trial court was required to grant the defendant’s motion. This appeal followed.
It is undisputed that the defendant’s counsel advised him, to some degree, of the potential deportation consequences pri- or to the entry of his nolo contendere plea. It is also undisputed that the defendant made a conscious decision to assume the risk of deportation and enter the plea. The only ingredient missing is that the defendant’s knowledge of the risk came from his attorney and not the trial court.
The majority relies on this court’s opinions in Perriello v. State, 684 So.2d 258 (Fla. 4th DCA 1996), and Marriott v. State, 605 So.2d 985 (Fla. 4th DCA 1992), to affirm the trial court. Those cases are distinguishable from the facts in the case before us.
*164 In Perriello, the trial court failed to orally advise the defendant of the potential deportation consequences of his plea, although the information required by Rule 8.172(c)(8), was detailed within a written plea form signed by the defendant. The defendant raised a post-conviction claim alleging that he was an immigrant who did not read nor fully understand the English language. This court found that there was no record evidence to permit a determination that the defendant actually understood that he might be subject to deportation as a result of his plea, despite the advice in the plea petition. This court went further, and determined categorically that a trial court must personally determine at the time of the entry of the plea that a defendant understands the-potential deportation consequences of that plea. In this case, the record is clear that the defendant actually knew that he might face deportation due to the plea, yet despite that knowledge he elected to enter that plea. There was no claim of a language barrier by Mr. Luders.
In Marriott, the defendant entered a plea to drug trafficking. The trial court did not advise the defendant of potential deportation consequences. The defendant faced potential deportation and established that he would not have entered his plea of nolo contendere if he had known of the consequence. No such allegation has been made in this case. In Marriott this court, en banc, directed the trial court to permit that defendant to withdraw his plea based on a post-conviction challenge.
Our supreme court has not used a per se rule in evaluating a violation of Rule 3.172(c). In Wuornos v. State, 676 So.2d 966 (Fla.1995), the defendant had pled guilty to first-degree murder, waived a penalty phase jury, and waived presentation of mitigating evidence. She was sentenced to death. The supreme court found that the trial court had failed to notify the defendant of a variety of factors required by Rule 3.172(c) yet denied Ms. Wuornos relief finding no prejudice.
To the extent that Perriello and Marriott impose a per se rule where a trial court fails to advise a defendant of potential immigration consequences, I suggest they go further than necessary, provide a windfall to defendants, and place an unnecessary burden on the trial courts. What the court does today is to permit a defendant who has actual knowledge of a consequence of his or her plea to avoid that consequence if he or she did not learn of it from the trial court. Further, it gives an incentive to defendants who might face deportation to play the system, to enter a plea, and if deportation begins, to get it set aside after the defendant has received the benefit of requiring the prosecution to pursue an older, and undoubtedly more stale case.
While it is true that Rule 3.172(c) contains mandatory language and trial judges should comply with it, the per se rule of reversal fails to give true meaning to the prejudice requirement of Rule 3.172(i). Mr. Luders was aware of the “prejudice” he complains of on appeal. He weighed that actual knowledge in his decision-making process, and then decided to go forward with the knowledge that he might face exactly what ultimately happened to him.
I believe the court, en banc should readdress the broad holdings of Perriello and Marriott and instead adopt the first four parts of the test established by the third district in Peart v. State, 705 So.2d 1059 (Fla. 3d DCA) conflict jurisdiction accepted, 722 So.2d 193 (Fla.1998). The court in Peart outlined the standard as follows:
As guidance to Prieto and others who would assert similar claims, we point out that to set aside a plea for failure to inform a defendant of immigration consequences pursuant to Rule 3.172(c)(8), the motion must assert, and the defendant must prove the following:
*165 a) the defendant was not advised by the court of the immigration consequences;
b) that defendant had no actual knowledge of same;
c) that INS had instituted deportation proceedings, or defendant is at risk of deportation;
d) that defendant would not have pled had defendant known of the deportation consequences; and
e) that had defendant declined the plea offer and gone to trial, defendant most probably would have been acquitted.
This last requirement comports with the Rule 3.172 requirement that defendant must show prejudice to set aside a plea as not in conformity with the Rule. Because of the special nature of the claims in these cases, that deportation has resulted as a consequence of the pleas, in order to demonstrate prejudice the defendant must demonstrate a probable likelihood that he or she would have been acquitted. To require any less of a showing would subject the trial court to entertaining petitions for relief to set aside pleas in cases where the defendant would nonetheless be found guilty at trial and therefore would be facing the same consequence of deportation.
Peart at 1063, 1064 (emphasis in original; footnote omitted).[1] The test in Peart is an easy and straightforward one for trial judges and appellate courts to apply. Further, it takes into account the concepts of prejudice and harmless error.
I would address the issue en banc, recede from the excess language of Perriello and Marriott, adopt the first four elements in Peart, and remand this case for an evidentiary hearing utilizing that test.

. I would not adopt the fifth element. I believe it takes the concept of prejudice much further than necessary and would potentially place a sizeable unworkable burden on the trial courts. I suggest that parts (c) and (d) of the test sufficiently establish prejudice.