PER CURIAM.
Defendant argues that in accordance with Peart v. State, 756 So.2d 42 (Fla.2000), based on the trial court’s failure to advise him of the immigration consequences of his pleas, he is entitled to withdraw the pleas leading to his convictions and sentences. See Fla. R. of Crim. P. 3.172(e)(viii). The trial court’s January 5, 2000 order, which rejected defendant’s claim in this regard as untimely, did not have the benefit of the Supreme Court’s opinion in Peart, decided April 13, 2000. In Peart the Supreme Court stated:
We conclude that prior to Wood [Wood v. State, 750 So.2d 592 (Fla.1999) ] the writ of error coram nobis was the proper pleading to file for a noncustodial defendant to allege a rule 3.172(c)(8) violation, although as of Wood such claims should be pled via rule 3.850; that as of Wood there is a two-year limitation period on all claims alleging rule 3.172(c)(8) violations, and that the limitation period begins to run when the defendant learns or should have learned (whichever is earlier) of the threat of deportation based on the plea; and that to obtain relief in such a case the defendant need not prove the likelihood of acquittal at trial, but rather that he or she was prejudiced by the error. We quash Peart,[Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998) ] approve Marriott [Marriott v. State, 605 So.2d 985, 987 (Fla. 4th DCA 1992) ] and remand for proceedings consistent with this opinion.
Peart v. State, 756 So.2d at 48.
Therefore, we reverse the January 5, 2000 order as far as it rejects outright defendant’s claims of a violation of Peart. Upon the trial court’s requisite finding of prejudice, defendant may be entitled to the relief sought. The State has already filed a Confession of Error in this regard as to lower court cases 92-19531, 92-27571, and 90-47121.
We find all other issues raised in the instant appeal to be without merit. However, we address one additional point raised. Henriquez argues that the trial court judge exceeded her authority in concluding:
11. The Defendant is hereby notified that this court may consider any other motions for reduction of sentence to be frivolous and will pursue the remedies set forth in Fla. Statutes § 944.28(2)(a).
Directly applicable to that claim is the Supreme Court’s analysis in State v. Spencer, 751 So.2d 47 (Fla.1999), wherein the court observed:
We have recognized the importance of the constitutional guarantee of citizen access to the courts, with or without an attorney. See, e.g., Rivera, 728 So.2d at 1166; Attwood, 661 So.2d at 1217; see also art. I, § 21, Fla. Const. (“The courts shall be open to every person for redress of any injury....”). Thus, denying a pro se litigant the opportunity to file future petitions is a serious sanction, especially where the litigant is a criminal defendant who has been prevented from further attacking his or her conviction, sentence, or conditions of confinement, as in Spencer and Huffman [v. State, 693 So.2d 570 (Fla. 2nd DCA 1996)].
However, any citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to *36 the consideration of legitimate claims. See Rivera, 728 So.2d at 1166; Attwood, 661 So.2d at 1216-17; Martin, 627 So.2d at 1300.
Id. at 48.
Moreover, section 944.28(2)(a), specifically provides in part:
All or any part of the gain-time earned by a prisoner according to the provisions of law is subject to forfeiture if such prisoner unsuccessfully ... is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court....
Here, the record reflected a long line of successive and duplicative filings. Several months before the finding at issue, the trial court warned the defendant of the possible consequences of the continued filing of repetitive pleadings and gave him time to respond. Thus, we conclude that the above finding in the trial court’s order did no more than observe the court’s power under section 944.28(2)(a).
Accordingly, we reverse and remand for consideration of defendant’s claim that he is entitled relief under Peart v. State, 756 So.2d 42 (Fla.2000). In all other regards the order under review is affirmed.