787 So.2d 933 (2001)
Roody JOSEPH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3698.
District Court of Appeal of Florida, Second District.
May 25, 2001.
CAMPBELL, MONTEREY, (Senior) Judge.
Roody Joseph appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion. Because Joseph has stated a facially sufficient claim that is not conclusively refuted by the attachments to the trial court order, we reverse.
Joseph sought to withdraw his plea because he was not advised by the court of the deportation consequences of his plea in contravention of Florida Rule of Criminal Procedure 3.172(c)(8). The trial court denied the motion because the sentencing judge asked Joseph during the attenuated plea colloquy whether he had reviewed with his attorney and understood the plea form, which included a statement about the deportation consequences of his plea. Joseph answered affirmatively.
Perriello v. State, 684 So.2d 258 (Fla. 4th DCA 1996), supports Joseph's contention that the trial court erred in denying *934 his motion. In Perriello, the defendant sought relief on the same basis as Joseph. Id. at 259. Although Perriello had not been advised of the consequences of his plea by the trial court, he had signed and initialed each page of a written plea form that advised him of the deportation consequences of a conviction. Id. at 260. Trial counsel testified at the hearing on the rule 3.850 motion that he had read the seven-page plea agreement to Perriello before he entered his plea. Id. at 259. The trial court denied the claim on the basis of the plea form and Perriello's counsel's testimony. The denial was reversed on appeal. Id. at 260.
The district court reversed in Perriello based on the language of rule 3.172(c)(8), which directs that judges orally advise defendants of the deportation consequences of their pleas. The court characterized this language as mandatory, and stated that the trial judge is required to "actually ascertain in open court that the defendant understands the possible consequences of a conviction on his resident alien status." Id. The court also relied on Koenig v. State, 597 So.2d 256 (Fla.1992), in which the supreme court found a plea colloquy deficient even though the defendant had signed a plea form that included a waiver of the rights not orally addressed by the trial court.
We agree with the reasoning in Perriello, and conclude that Joseph is entitled to an evidentiary hearing to determine if he should be permitted to withdraw his plea. Accordingly, the order denying relief is reversed and remanded for further proceedings consistent with this opinion.
Reversed and remanded.
BLUE, A.C.J., and DAVIS, J., Concur.