683 So.2d 1110 (1996)
HEN LIN LU, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2021.
District Court of Appeal of Florida, Fourth District.
November 27, 1996.
*1111 Hen Lin Lu, Perry, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda Melear, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
Appellant pled guilty to burglary in 1994. In his motion for post conviction relief under Florida Rule of Criminal Procedure 3.850, appellant alleges that his plea was not voluntary since the trial court did not inform him that as a consequence of the plea he might be subject to deportation. Appellant claims that had he been properly advised, he would not have pled guilty, but would have gone to trial.
The trial court summarily denied appellant's motion, adopting the state's response. The sole basis of the denial is a written agreement signed by appellant entitled "Agreement to Enter Plea and Waiver of Rights." Section six of the form reads:
I understand that if I plead guilty or nolo contendre to the above charge, and if I am not a citizen of the United States, the plea may subject me to deportation by the United States Immigration and Naturalization Service.
The trial court's order did not incorporate a transcript of the plea colloquy.
Florida Rule of Criminal Procedure 3.172(c)(8), requires a trial judge to inform every defendant pleading guilty or nolo contendre that, "if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service." Marriott v. State, 605 So.2d 985, 987 (Fla. 4th DCA 1992). Failure to comply with rule 3.172(c)(8), can result in prejudice to a defendant under rule 3.172(i), so as to form a sufficient predicate for post conviction relief. Id. at 987.
The issue in this case is whether the plea form alone is sufficient to demonstrate compliance with rule 3.172(c)(8), so that appellant's motion for post conviction relief could be summarily denied. The form contains a preprinted acknowledgement that appellant is able to read and understand English, that he has read the agreement, that he fully understands each paragraph, and that he freely and intelligently waives the listed constitutional rights. The form correctly notes the possibility of deportation. Appellant signed his name below a preprinted warning, "DO NOT SIGN OR INITIAL THIS DOCUMENT IF YOU DO NOT UNDERSTAND OR HAVE ANY QUESTION AS TO ITS CONTENT." The last page of the form is signed by the trial court, below the preprinted finding that appellant voluntarily, knowingly and intelligently waived the constitutional rights contained in the form and freely entered into the plea. The form is also signed by appellant's lawyer below the preprinted statement that he reviewed with his client "each and every paragraph contained in this agreement" and that appellant initialed each paragraph to indicate his understanding of the agreement. Interestingly, nowhere does the form contain appellant's initials.
Although rule 3.172(c), requires a trial judge to verbally engage a defendant who seeks to enter a plea, nothing in the rule prevents a court from using preprinted forms to assist in imparting the information required by the rule. Forms can boost the *1112 efficiency of a busy trial court by shortening the time required for a plea conference. Written information is easier for some persons to comprehend. From a defendant's standpoint, the time spent standing before a judge can be nerve wracking and the stress of the moment can prevent a defendant from taking in information concerning his constitutional rights. A defendant is often better able to grasp information by going over a written form before his case is called, than when he is on the spot before the court. On the other hand, forms are useless and counterproductive when they are completed in a cursory fashion, when they are perfunctorily signed without contemplation of their contents.
For this reason, a judge using a preprinted rights form as a part of a plea colloquy must orally verify that the defendant has intelligently consumed the written information contained within it. Due process requires a court accepting a plea to carefully inquire into the defendant's understanding of the proceeding, so that the record contains an affirmative showing that the plea was intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This responsibility of the trial court is demonstrated in two cases, Koenig v. State, 597 So.2d 256 (Fla.1992), and State v. Blackwell, 661 So.2d 282 (Fla.1995). The defendant in Koenig attacked his plea by asserting that the record did not show an intelligent and voluntary waiver of his constitutional rights. Before his plea conference, the defendant had signed a form which described in detail the rights he was waiving. He told the trial judge that he had "discussed" the form with his attorney. Holding that the trial court's abbreviated colloquy with the defendant failed to comply with rule 3.172(c), the supreme court made the following observation concerning the trial court's use of the plea form:
[T]here is nothing in the record to demonstrate that [the defendant] could understand the form he signed or what his attorney told him about it. The record does not reflect the extent of Koenig's education or whether he can even read. We simply cannot be assured, from the superficial plea colloquy here, that Koenig's plea was voluntary and intelligent.
Id. at 258; see Watson v. State, 667 So.2d 242, 245 (Fla. 1st DCA 1995).
State v. Blackwell was a case where the supreme court upheld a trial court's use of a preprinted form in accepting pleas. That case concerned the sufficiency of written plea agreements containing information about the possibility and reasonable consequences of sentencing under the habitual offender statute. The supreme court found that the pleas at issue were knowing and intelligent and approved of the trial court's handling of the written plea agreements.
Before accepting the pleas, the court confirmed with each defendant that he had read the plea and understood it, and the court offered each defendant an opportunity to ask questions. Each defendant said he had read the plea, understood it, and had no questions.
Id. at 284.
The problem in this case derives from the absence of a transcript of the plea colloquy. There is nothing in this record to demonstrate that appellant's signature on the plea form signifies an intelligent and voluntary waiver of his rights as opposed to a perfunctory, uninformed surrender. Under Blackwell and Koenig, a trial court cannot rely on a preprinted form in accepting a plea without confirming on the record that a defendant has read and understood it.
We therefore reverse and remand for an evidentiary hearing or for the attachment of additional record excerpts (such as a transcript of the plea conference) that conclusively disprove appellant's claim that the trial court did not properly advise him concerning the potential of deportation as a result of the plea.
POLEN and PARIENTE, JJ., concur.