726 So.2d 812 (1999)
Michael Carl HINDS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1088
District Court of Appeal of Florida, Fifth District.
January 22, 1999.
*813 John C. Notari of Law Offices of Michael Sigman, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Michael Carl Hinds appeals the denial of his 3.850 motion to have his plea set aside. He asserts the trial court failed to inform him at his sentencing of the possibility of deportation. We affirm the denial.
Hinds immigrated from Jamaica in 1982 and in 1996, entered a plea of no contest to robbery with a firearm, aggravated battery with a firearm and attempted first degree murder with a firearm. He was adjudicated guilty and sentenced to three concurrent 17-year sentences.
During the sentencing hearing, the trial court asked Hinds whether he had read his written plea form in its entirety, and whether he discussed its contents with his attorney. Hinds, under oath, responded affirmatively and also agreed that he was in good health, had not been treated for any psychological disorders and was not taking any medications. When the trial court asked again whether Hinds had "read and reviewed your plea form and discussed it completely, in its entirety with [your attorney] and you understand it, correct?" Hinds responded, "Correct."
The plea agreement that Hinds represented under oath he read, understood and discussed with his attorney, warned that:
[I]f [the defendant] is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases.[1]
Hinds asserts that because the trial judge failed to personally and orally warn him about the possibility of deportation, his plea cannot be deemed voluntary and must be set aside.
The trial court hearing Hind's 3.850 motion noted that it was undisputed that the sentencing trial court did not orally inform Hinds of the possible deportation consequences of his plea. The court further noted, however, that it was clear from the record that the sentencing court did place Hinds under oath and did question him specifically as to his understanding of the written plea form in which the ramifications of a plea were set forth.
Pursuant to Rule 3.172(c)(8), all defendants who plead guilty or nolo contendere are to be warned by the trial court that a plea may subject him or her to deportation. The admonition is to be given in all cases, but the failure to specifically follow any of the procedures set forth in Rule 3.172 will not render a plea void absent a showing of prejudice. R. 3.172(i).[2] Here, the sentencing court did not specifically warn Hinds of the danger of deportation, but he was not prejudiced by the omission when the information was contained in the written plea agreement that Hinds testified he had read and understood.
In Hen Lin Lu v. State, 683 So.2d 1110 (Fla. 4th DCA 1996), the fourth district noted that pursuant to Rule. 3.172(c)(8), a trial judge must inform every defendant who enters a plea of the possibility of deportation. In Hen Lin Lu, however, the court further noted that while "rule 3.172(c), requires a *814 trial judge to verbally engage a defendant who seeks to enter a plea, nothing in the rule prevents a court from using preprinted forms to assist in imparting the information required by the rule." Id. at 1111. The court further held:
[A] judge using a preprinted rights form as part of a plea colloquy must orally verify that the defendant has intelligently consumed the written information contained within it. Due process requires a court accepting a plea to carefully inquire into the defendant's understanding of the proceedings, so that the record contains an affirmative showing that the plea was intelligent and voluntary.
Id. at 1112. In the instant case, the record contains such a showing. The sentencing court twice received confirmation from Hinds that he had read the plea form in its entirety and had discussed it with his attorney, and that he understood what he had read and was aware of what rights he was giving up in entering into the plea. The court reviewing Hinds' motion to withdraw his plea committed no error in concluding that the sentencing court sufficiently confirmed that Hinds understood the nature and consequences of his plea.
AFFIRMED.
W. SHARP and ANTOON, JJ., concur.
NOTES
[1] Fla. R.Crim. P. 3.172(c)(8).
[2] Florida Rule of Criminal Procedure 3.172(i) provides:

(i) Prejudice. Failure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice.