782 So.2d 895 (2001)
Roody JOSEPH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3323.
District Court of Appeal of Florida, Second District.
February 14, 2001.
PER CURIAM.
Roody Joseph appeals from the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Joseph has stated a facially sufficient claim that is not refuted by the record attachments of the trial court, we reverse and *896 remand for further proceedings consistent with this opinion.
Joseph entered five pleas of nolo contendre in separate cases in 1989, 1991, 1995, 1997 and 1998. Joseph claims that these five pleas were involuntary because he was not advised of the risk of deportation resulting from his pleas, as required by Florida Rule of Criminal Procedure 3.172(c)(8). He further asserts that he is awaiting deportation.
In each of Joseph's pleas, he signed a one page Acknowledgment and Waiver of Rights form (plea form) which advised of the risk of deportation arising from the plea. Joseph asserts that neither the trial court nor his attorney advised him of the possible adverse consequences of the pleas upon his immigration status, and that had he been made aware of the possible deportation resulting from the pleas, he would have gone to trial.
In denying Joseph's motion for postconviction relief, the trial court held that although the motion was facially sufficient, it was refuted by the record. We agree that it is facially sufficient, see Peart v. State, 756 So.2d 42 (Fla.2000), but cannot agree with the trial court's conclusion that it is refuted by the record.
The trial court attached the five plea forms and a single transcript page from an unidentified plea colloquy to support its conclusions. The trial court found that each plea form specifically advised Joseph that if he was not a United States citizen, the plea might subject him to deportation. Further, pointing to the single transcript page, the court noted that Joseph could read and write the English language.
A plea form with a deportation warning is not, alone, sufficient to demonstrate compliance with rule 3.172(c)(8). See Hen Lin Lu v. State, 683 So.2d 1110 (Fla. 4th DCA 1996). A plea form containing the deportation warning together with record documentation that the defendant has intelligently consumed the written information contained on the form and understood it is, however, sufficient. See id. at 1111-12; Hinds v. State, 726 So.2d 812 (Fla. 5th DCA 1999).
In the instant case, the record attachments are not sufficient to demonstrate that Joseph intelligently consumed the contents of the plea form and understood it. We therefore reverse and remand for further proceedings. On remand, the trial court may again summarily deny the claims, but only if it attaches record documentation conclusively demonstrating that the verbal warning required by rule 3.172(c)(8) was given by the court, or that the court confirmed that Joseph read and understood the plea forms. See Hen Lin Lu, 683 So.2d 1110; Hinds, 726 So.2d 812. Otherwise, an evidentiary hearing will be necessary.
Reversed and remanded.
FULMER, A.C.J., and STRINGER and DAVIS, JJ., concur.