787 So.2d 38 (2001)
Rabah BENELHOCINE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4730.
District Court of Appeal of Florida, Second District.
February 21, 2001.
PATTERSON, Chief Judge.
Rabah Benelhocine appeals from the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He sought to withdraw his no contest plea because the trial court did not inform him of the possibility of deportation as required by Florida Rule of Criminal Procedure 3.172(c)(8). We reverse and remand for an evidentiary hearing.
On October 21, 1996, Benelhocine entered his plea to aggravated assault. *39 Based upon a plea agreement, the trial court withheld adjudication and placed Benelhocine on probation for two years "with a special condition that the probation will terminate when the defendant permanently leaves the United States and a further special condition that if he does not permanently leave the United States within eight weeks from today, that he shall serve as a special condition of probation 364 days in jail." At the plea hearing, counsel and the court agreed to give Benelhocine eight weeks to leave the country because he asserted that he needed time to go to Washington, D.C., to try to renew his passport so that he could go to Canada. The trial court did not inform Benelhocine that his plea could subject him to deportation.
It appears that Benelhocine went to Canada but returned to the United States. His probation was revoked, and he was sentenced to jail time. See Benelhocine v. State, 717 So.2d 104 (Fla. 2d DCA 1998) (dismissing appeal which raised issue of "coerced plea" without prejudice to file motion pursuant to rule 3.850).
Benelhocine contends that the United States Immigration and Naturalization Service began deportation proceedings against him in October of 1997. He alleges that he would not have entered a plea if he had been informed of the possibility of being deported. Benelhocine states that he could not pursue his career as a teacher if he were deported to his native country of Algeria, where his teaching license was revoked for political reasons.
The trial court entered an order to show cause. In its response, the State recognized that the motion for postconviction relief filed on June 12, 2000, was timely under Peart v. State, 756 So.2d 42 (Fla. 2000). In Peart, the supreme court held that a defendant who became aware of the possibility of deportation before the court's decision had two years from the date of Peart to file a rule 3.850 motion on the ground that the trial court failed to inform the defendant of the possible deportation.
The State contended that paragraph 14 of the plea form, with its number circled (but not initialed), informed Benelhocine that the plea subjected him to deportation. The State also argued that Benelhocine's claim of prejudice was insufficient to warrant an evidentiary hearing because the plea was designed for Benelhocine to leave the United States. The trial court adopted this reasoning in its order summarily denying the motion. The trial court concluded that Benelhocine "would have entered a plea if he had known of the possibility of deportation, because he was promising to leave the country anyway."
What the trial court and the State ignore is that the transcript of the plea hearing makes it clear that the agreement was for Benelhocine to have eight weeks to go to Washington, D.C., to try to renew his passport so that he could go to Canada. Nothing in the plea agreement envisioned his return to Algeria. The trial court's order and attachments (the plea form and the transcript of the plea hearing) fail to show that Benelhocine is not entitled to relief pursuant to Peart.
To be entitled to relief on a violation of rule 3.172(c)(8), the defendant must "prove that the trial court did not provide advice regarding the possible immigration consequences of the plea and resultant prejudice." Peart, 756 So.2d at 47. To establish prejudice, defendants must show that "they did not know the plea might result in deportation, that they were `threatened' with deportation because of the plea, and that had they known of the possible consequence they would not have entered the plea." Id. The fact that the preprinted plea form advised Benelhocine *40 of the possibility of deportation is insufficient to satisfy rule 3.172(c)(8). See Perriello v. State, 684 So.2d 258, 260 (Fla. 4th DCA 1996) (holding that the rule requires "that the trial judge actually ascertain in open court that defendant understands the possible consequences of a conviction on his resident alien status"); see also Ascanio v. State, 754 So.2d 749 (Fla. 2d DCA 2000) (reversing the denial of a coram nobis petition where the trial court failed to orally inform the defendant of the possibility of deportation).
Therefore, we reverse the summary denial of Benelhocine's motion for postconviction relief and remand for an evidentiary hearing.
Reversed and remanded.
BLUE and FULMER, JJ., Concur.