787 So.2d 917 (2001)
The STATE of Florida, Appellant,
v.
Leonardo GONZALEZ, Appellee.
No. 3D00-1729.
District Court of Appeal of Florida, Third District.
May 16, 2001.
Robert A. Butterworth, Attorney General, Michael J. Neimand, Assistant Attorney General, Jason D. Montes, Pro Bono Legal Intern, for appellant.
No appearance for appellee.
Before COPE, GODERICH and RAMIREZ, JJ.
PER CURIAM.
The defendant, Leonardo Gonzalez, signed a plea agreement advising him that his plea could subject him to deportation if he was not a citizen of the United States. The plea agreement also indicated that the defendant had read the agreement and that he had discussed the agreement with his attorney. During the sentencing hearing, the trial court asked the defendant questions that fully established that the defendant understood the written plea agreement and that he was freely and voluntarily entering into the plea agreement. The trial court, however, did not *918 specifically inform the defendant that his plea could subject him to deportation if he was not a citizen of the United States.
The defendant filed a timely motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure, alleging that, because the trial court had failed to specifically advise him of the deportation consequences of his plea, he was entitled to have his plea and judgment set aside. The trial court granted the defendant's motion. The State's appeal follows.
Pursuant to Rule 3.172(c)(8), Florida Rules of Criminal Procedure, the trial court is required to warn defendants who plead guilty or nolo contendere that the plea may subject him to deportation if he is not a citizen of the United States. However, Rule 3.172(i), Florida Rules of Criminal Procedure, provides: "Failure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice."
In the instant case, the defendant was not prejudiced by the trial court's failure to specifically inform him that his plea may subject him to deportation because the plea agreement form provided this information and also indicated that the defendant had read the agreement and that the defendant had discussed the agreement with his attorney. Further, during the plea colloquy the trial court established that the defendant had entered into the plea freely and voluntarily and that the defendant had understood the written plea agreement. Hinds v. State, 726 So.2d 812 (Fla. 5th DCA 1999); see also, Joseph v. State, 782 So.2d 895 (Fla. 2d DCA 2001). The order granting the defendant's 3.850 motion is, therefore,
Reversed.