804 So.2d 445 (2001)
Osric JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-4912.
District Court of Appeal of Florida, First District.
October 30, 2001.
Rehearing Denied December 20, 2001.
*446 Nancy A. Daniels, Public Defender; G. Kay Witt, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Sherri T. Rollison, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Osric Jones, a Jamaican national, entered pleas of guilty to charges of possession of cocaine and tampering with evidence in exchange for agreed, concurrent eighteen-month terms of probation, adjudication being withheld on both counts. Thereafter he moved to withdraw his pleas under Florida Rule of Criminal Procedure 3.170(f) and to vacate the probationary terms under Florida Rule of Criminal Procedure 3.850. The trial court conducted an evidentiary hearing, then denied the motion by order entered November 17, 2000, which Mr. Jones now appeals. We affirm.
To show good cause under Rule 3.170(f) or grounds for relief under Rule 3.850, Mr. Jones had the burden to prove that the trial court's failure to advise him that pleading guilty might subject him to deportation redounded to his prejudice:
In order to show prejudice pursuant to a rule 3.172(c)(8) violation, defendants had to establish that they did not know that the plea might result in deportation, that they were "threatened" with deportation because of the plea, and that had they known of the possible consequence they would not have entered the plea. See Perriello[ v. State], 684 So.2d [258, 259 (Fla. 4th DCA 1996)] (holding prejudice shown where defendant was "threatened" with deportation); Marriott[ v. State], 605 So.2d [985, 987 (Fla. 4th DCA 1992)] (holding that "threat" of deportation of alien was a sufficient showing of prejudice in such cases); De Abreu[ v. State], 593 So.2d [233, 234 (Fla. 1st DCA 1991)] (holding that the defendant's allegation in a rule 3.850 motion that the trial court violated rule 3.172(c)(8), and that the defendant was subsequently surprised by the "threat" of deportation, constituted a sufficient showing of prejudice to justify an evidentiary hearing).
Peart v. State, 756 So.2d 42, 47 (Fla.2000). See also Labady v. State, 783 So.2d 275, 277 (Fla. 3d DCA 2001) (holding that mere allusion to "`adverse consequences' to ... immigration status" did not suffice to apprise defendant of possibility of deportation).
The motion to withdraw plea of guilty and to vacate sentence alleged that, although he had been represented by counsel and had "reviewed and executed a plea form which indicated pleading to a felony *447 may affect his immigration status," Mr. Jones "was not fully aware of the consequences" of pleading. The motion alleged:
Specifically, Defendant was not aware that a withhold of adjudication of guilt would affect his immigration status. Defendant believes his legal counsel advised him to the contrary, that a withhold of adjudication of guilt would not affect his immigration status.
Deciding that the plea colloquy, although extensive, did not conclusively refute these allegations, the trial court ordered an evidentiary hearing. See Joseph v. State, 782 So.2d 895, 896 (Fla. 2d DCA 2001); St. Preux v. State, 769 So.2d 1116, 1117 (Fla. 2d DCA 2000); see generally State v. Leroux, 689 So.2d 235 (Fla.1996). But see Hinds v. State, 726 So.2d 812, 813-14 (Fla. 5th DCA 1999).
On the record made at the evidentiary hearing, the trial court was entitled to find that the failure to recite in open court that Mr. Jones's pleas might subject him to deportation did not affect Mr. Jones's decision to enter the pleas or otherwise prejudice him. See State v. Gonzalez, 787 So.2d 917, 918 (Fla. 3d DCA 2001) (reversing grant of Rule 3.850 motion because "the plea agreement form provided this information" and "the defendant had read the agreement and ... discussed the agreement with his attorney."). In the plea colloquy, Mr. Jones had acknowledged that defense counsel had gone over the entire guilty plea form with him. Nothing in the record suggests that Mr. Jones, who had lived in this country since 1975, had any difficulty with English. Cf. Perriello v. State, 684 So.2d 258, 260 (Fla. 4th DCA 1996). Defense counsel, who had no "specific recollection" of Mr. Jones's case, testified he "would not have felt comfortable" advising Mr. Jones that withholding adjudication would protect him against deportation, and did not think he had done so.
Mr. Jones testified at the hearing that he discussed the guilty plea form with his defense lawyer, and that he recalled reading the paragraph on the guilty plea form which states:
I further understand that if I am not a United States citizen this plea may subject me to deportation by the United States Immigration and Naturalization Service.
Although he testified he assumed that his immigration status would not be affected if adjudication was withheld, Mr. Jones did not testify that anybody ever advised him to that effect.
Affirmed.
ERVIN and BARFIELD, JJ., CONCUR.