800 So.2d 669 (2001)
Miguel ORDUNO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2448.
District Court of Appeal of Florida, Second District.
November 16, 2001.
Richard C. Reinhart, Bradenton, for Appellant.
CASANUEVA, Judge.
Miguel Orduno appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Orduno asked to withdraw his plea because he was not advised of the possible deportation consequences. He stated that the Immigration and Naturalization Service has since initiated deportation proceedings against him based on the conviction in this case. He asserted that the trial court did not advise him of the deportation consequences of his plea as required under Florida Rule of Criminal Procedure 3.172, that he did not know he could be deported if he pleaded no contest, and that he would not have entered the plea if he had known he could be deported. Orduno has stated a facially sufficient claim for relief. See Peart v. State, 756 So.2d 42 (Fla.2000).
The trial court denied Orduno's claim based on the fact that he signed a waiver of rights form that included a clause discussing possible deportation as a result of the plea. The trial court stated that, when asked, Orduno indicated he reviewed and understood the form. The trial court attached a copy of the plea transcript to its order denying this claim.
After reviewing the transcript as well as the other documentary information provided, we do not believe the record conclusively refutes Orduno's claim. We are not convinced that Orduno understood the terms included in the plea form, or that he understood he could be deported as a result of his plea. See Koenig v. State, 597 So.2d 256 (Fla.1992) (holding that defendant's plea was involuntary where the plea colloquy was insufficient and the record did not show the defendant understood the *670 terms in the written plea agreement). Therefore, we reverse and remand for an evidentiary hearing on this claim.
Reversed and remanded.
THREADGILL, A.C.J., and GREEN, J., Concur.