SILBERMAN, Judge.
Apolonio Chagoya appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, he sought to withdraw his 1993 no contest plea to a charge of dealing in stolen property and his 1994 admission to a violation of probation. The basis of his motion was that the trial court did not inform him of the possibility of deportation as required by Florida Rule of Criminal Procedure 3.172(c)(8). We reverse and conclude that Chagoya is entitled to withdraw his 1993 plea.
The transcript of the 1993 plea colloquy reflects that Chagoya’s attorney informed the trial court of Chagoya’s limited ability to read English. Chagoya asked for an interpreter, but the trial court informed him that one was not available and proceeded to take his plea. Chagoya signed a preprinted acknowledgment and waiver of rights form that contained an admonition concerning the possibility of deportation, but the trial judge did not verbally inform Chagoya of the deportation possibility and did not confirm Chagoya’s understanding of the written admonition. The trial court withheld adjudication of guilt and placed Chagoya on two years’ probation.
In 1994, Chagoya admitted to a violation of his probation. He signed a pre-printed acknowledgment and waiver of rights form which contained the deportation admonition, but again the trial court did not confirm Chagoya’s understanding of the admonition and did not verbally inform Chagoya that his plea may subject him to deportation. Chagoya was sentenced to six months of community control followed by two years of probation.
In 2000, Chagoya was served with a notice by the Immigration and Naturalization Service (INS) informing him that he was subject to possible deportation due to his conviction for dealing in stolen property. Soon after receipt of the notice, Cha-goya filed his motion for postconviction relief and alleged that he first learned of the immigration consequences of his 1993 plea and his 1994 admission when he received the INS notice. His motion for postconviction relief was timely. See Peart v. State, 756 So.2d 42, 46 (Fla.2000).
The trial court conducted an evidentiary hearing on Chagoya’s motion. Chagoya testified through an interpreter that while someone had read to him the 1993 plea form and the 1994 admission form, he did not understand very much English and he did not understand the documents. He signed the documents, but at the 1993 and *1041 1994 hearings neither his lawyers nor the judges informed him that he could be subject to deportation due to the plea and admission. He testified that had he known that deportation was a possible consequence of his plea, he would have fought the charge of dealing in stolen property.
The trial court found that Chagoya had not been specifically warned of the possibility of deportation at the 1993 and 1994 hearings and that he had been prejudiced because of the deportation proceedings. However, the trial court denied the motion for relief because the information as to the possibility of deportation was contained in the written forms and Chagoya accepted the benefits of the plea bargain.
Florida Rule of Criminal Procedure 3.172(c)(8) provides that if a defendant pleads guilty or no contest to a crime, the trial judge must inform the defendant that if he or she is not a United States citizen the plea may subject the defendant to deportation. This requirement had been in effect since 1989. See In re Amendments to the Fla. Rules of Criminal Procedure, 536 So.2d 992 (Fla.1988).
The Florida Supreme Court has held that this admonition is mandatory, and the failure of the trial court to give this admonition is reversible error upon a showing of prejudice. Peart, 756 So.2d at 47-48. The fact that a preprinted plea form advises a person of the possibility of deportation is insufficient to satisfy rule 3.172(c)(8). See Benelhocine v. State, 787 So.2d 38, 39-40 (Fla. 2d DCA 2001).
To show prejudice, Chagoya had to establish that (1) he did not know that the plea might result in deportation, (2) he was threatened with deportation because of the plea, and (3) had he known of the possible consequences, he would not have entered the plea. Peart, 756 So.2d at 47. See also State v. Seraphin, 818 So.2d 485 (Fla.2002). Chagoya presented evidence as to each of the required elements: he did not understand the plea and admission forms when he signed them, and he was not aware of the possibility of deportation as a result of his plea and admission; he was threatened with deportation as a result of his conviction for dealing in stolen property; and he would have fought the charge and not entered the plea had he known of the possibility of deportation. Based on the evidence, he should have been permitted to withdraw his pleas. See Ascanio v. State, 754 So.2d 749 (Fla. 2d DCA 2000); Perriello v. State, 684 So.2d 258 (Fla. 4th DCA 1996).
In denying relief, the trial court referred to Hinds v. State, 726 So.2d 812 (Fla. 5th DCA 1999). There, the court found that Hinds was not prejudiced by the trial court’s failure to give the deportation warning because Hinds had read and understood the admonition that was contained in the written plea agreement. Id. at 813. The opinion gives no indication that Hinds suffered from any language barrier or other lack of understanding as to the contents of the plea form. In contrast, Chagoya’s testimony was unrefuted that he did not read English, that he had a limited understanding of English, and that he did not understand the forms containing the deportation admonition.
We therefore reverse the order denying Chagoya’s motion for postconviction relief and remand with directions that Chagoya be permitted to withdraw his 1993 plea and to proceed to trial on the charge of *1042 dealing in stolen property.[1]
Reversed and remanded with directions.
WHATLEY and NORTHCUTT, JJ„

. Upon withdrawal of the 1993 plea, Chago-ya's violation of probation and admission to the violation will be rendered moot.