DAVIS, Judge.
Gewdat Pikwrah challenges the circuit court order denying his postconviction motion to vacate or set aside his sentence. Pikwrah’s motion was based on the trial court’s failure to warn him that a no contest plea could result in deportation, as is required by Florida Rule of Criminal Procedure 3.172(c)(8). We reverse and remand.
To establish a rule 3.172(c)(8) violation, a defendant must “prove [1] that the trial court did not provide advice regarding the possible immigration consequences of the plea and [2] resultant prejudice.” Peart v. State, 756 So.2d 42, 47 (Fla.2000). Here, the State stipulated that the trial court did not orally advise Pikwrah of the consequences of his plea. Therefore, the only issue is whether he established resultant prejudice.
In order to establish prejudice pursuant to a rule 3.172(c)(8) violation, defendants need to “establish that they did not know that the plea might result in deportation, that they were ‘threatened’ with deportation because of the plea, and that had they known of the possible consequence they would not have entered the plea.” Peart, 756 So.2d at 47.
In denying the motion, the trial court relied on the fact that Pikwrah had signed an acknowledgment and waiver of rights form that included notice of the possibility of deportation. The trial court found that Pikwrah’s signing of this form, coupled with his assertions at the plea hearing that he read, understood, and went over the form with his attorney, negated the possibility that Pikwrah would not have entered the plea had the trial court informed him that deportation was a possible consequence of his plea.
*404 “The fact that the preprinted plea form advised [the defendant] of the possibility of deportation is insufficient to satisfy rule 3.172(c)(8).” Benelhocine v. State, 787 So.2d 38, 39-40 (Fla. 2d DCA 2001). Accordingly, the fact that Pikwrah signed a waiver of rights form here does not necessarily mean that he would have pleaded no contest had the trial court orally advised him of the immigration implications of the plea. At the postconviction motion evidentiary hearing, Pikwrah testified that his attorney at the plea hearing was in a hurry to get to another hearing and did not explain the plea form to him. He further testified that at both the time of the plea hearing and at the time of the hearing on his postconviction motion, he did not read or speak English well. Finally, he testified that had he been aware of the deportation consequences, he would not have pleaded no contest because his wife, child, and family-owned business are here in Florida. Further, the State presented no evidence to contradict Pikwrah’s testimony. Because the record does not refute Pikwrah’s claim, we are not convinced that he understood the plea form or the consequences of his plea. See Orduno v. State, 800 So.2d 669 (Fla. 2d DCA 2001). See also Koenig v. State, 597 So.2d 256, 258 (Fla.1992).
Accordingly, Pikwrah established that he was prejudiced by the trial court’s failure to advise him of the possibility that his no contest plea could result in his deportation, and we reverse and remand with instructions to permit Pikwrah to withdraw his plea and proceed to trial.
Reversed and remanded.
BLUE, C.J., and SALCINES, J., Concur.