845 So.2d 262 (2003)
Mateliv M. ALEXIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4920.
District Court of Appeal of Florida, Second District.
May 9, 2003.
STRINGER, Judge.
Mateliv M. Alexis challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, he sought to withdraw his 1997 no contest plea to sale of cocaine, possession of drug paraphernalia, and possession of cocaine, and his 2000 no contest plea to possession of cocaine and possession of drug paraphernalia. The basis of the motion was that the trial court did not inform him of the possibility of deportation as required by Florida Rule of Criminal Procedure 3.172(c)(8). The trial court summarily denied the motion, finding that Alexis was not entitled to relief because he signed preprinted plea forms in 1997 and 2000 that informed him of the possibility of deportation based on the pleas. This is incorrect. In Benelhocine v. State, 787 So.2d 38, 39-40 (Fla. 2d DCA), review denied, 796 So.2d 535 (Fla.2001), this court held that the fact that a preprinted plea form advises a person of the possibility of deportation is insufficient to satisfy rule 3.172(c)(8).
However, Alexis is not entitled to relief at this time because his motion is facially insufficient. In Peart v. State, 756 So.2d 42, 46 (Fla.2000), the Florida Supreme Court held that defendants shall have two years to file pleadings alleging a rule 3.172(c)(8) violation as measured from when the defendant has or should have knowledge of the threat of deportation. Alexis does not allege in his motion when he had notice of the threat of deportation. We therefore affirm the decision of the trial court without prejudice to Alexis' filing a facially sufficient 3.850 motion.
Affirmed.
ALTENBERND, C.J., and KELLY, J., Concur.