CANADY, Judge.
The State appeals the trial court’s order granting Emmanuel David’s Florida Rule of Criminal Procedure 3.850 motion. David, a foreign national, sought relief pursuant to rule 3.850(a)(5) on the ground that the guilty plea on which his judgment and sentence were based was involuntary because he was not advised — as required by rule 3.172(c)(8) — of the potential deportation consequences of the plea. Because David failed to meet his burden of proving his entitlement to relief, we reverse.
On April 25, 2001, David executed a written plea agreement form in which he agreed to plead guilty to three counts of grand theft. The preprinted plea agreement stated: “If I am not a citizen of the United States of America, I understand that this criminal proceeding could cause me to be deported to the country of my origin.” Pursuant to the plea agreement, the court withheld adjudication and sentenced David to eighteen months’ probation.
On February 4, 2004, David filed his rule 3.850 motion alleging that the plea entered on April 25, 2001, was involuntary.[1] After determining that the records in the case did not conclusively show that David was entitled to no relief, the trial court conducted a hearing at which no evidence was received. David was not present to testify. By the time the hearing was conducted, he had been deported. Notwithstanding David’s unavailability for the hearing, his lawyer did not attempt to introduce deposition testimony or to obtain a continuance of the hearing. After hearing argument of counsel, the trial court announced that David’s motion would be granted because the “mere fact” that the April 21, 2001, plea form signed by David contained a provision concerning deportation consequences “isn’t good enough.” On March 6, 2004, the trial judge entered an order vacating the judgment and sentence entered on April 25, 2001. On April 6, 2004, the court entered an order granting David’s motion to withdraw his plea. The State then brought this appeal.
*1190 A defendant attacking a guilty plea by way of a rule 3.850 motion “has the burden of showing his plea was not knowingly and voluntarily entered.” Mikenas v. State, 460 So.2d 359, 361 (Fla.1984). A defendant claiming that the sentencing court failed to advise him of the potential deportation consequences of his plea as required by rule 3.172(c)(8) has “the burden to prove that the trial court’s failure to advise him that pleading guilty might subject him to deportation redounded to his prejudice.” Jones v. State, 804 So.2d 445, 446 (Fla. 1st DCA 2001).
In order to show prejudice pursuant to a rule 3.172(c)(8) violation, defendants [must] establish that they did not know that the plea might result in deportation, that they were “threatened” with deportation because of the plea, and that had they known of the possible consequence they would not have entered the plea.
Peart v. State, 756 So.2d 42, 47 (Fla.2000).
Since David presented no evidence at the hearing on his motion, he failed to meet his burden of proving that he was prejudiced by the sentencing court’s failure to comply with rule 3.172(c)(8). While it is conceded that David was “ ‘threatened’ with deportation because of the plea,” no evidence was presented to prove that David “did not know that [his] plea might result in deportation” or “that had [he] known of the possible consequence [he] would not have entered the plea.” Peart, 756 So.2d at 47.
Accordingly, the trial court erred in granting David’s motion. The trial court’s order is reversed.
Reversed.
ALTENBERND and STRINGER, JJ., Concur.

. The State has not challenged the timeliness of David’s motion. See Peart v. State, 756 So.2d 42, 46 (Fla.2000) (holding that for claims based on rule 3.172(c)(8) the two-year limitation period in rule 3.850 "runs from when the defendant has or should have knowledge of the threat of deportation based on the plea”).