933 So.2d 1266 (2006)
Miguel ORDUNO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-201.
District Court of Appeal of Florida, Second District.
July 26, 2006.
SILBERMAN, Judge.
Miguel Orduno appeals the summary dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the postconviction court's dismissal because Orduno's motion is facially insufficient.
Orduno filed a motion seeking relief from his 1989 plea and conviction for burglary of a dwelling. Orduno alleged that he had been misadvised as to the immigration consequences of his plea and that deportation proceedings had been initiated against him. He did not allege when he first learned of the threat of deportation, but he stated that he was raising his postconviction issues within two years of learning *1267 of the "immigration consequences of his plea."
In Peart v. State, 756 So.2d 42, 46 (Fla. 2000), the Florida Supreme Court held that a defendant shall have two years from "when the defendant has or should have knowledge of the threat of deportation" to file pleadings alleging a violation of Florida Rule of Criminal Procedure 3.172(c)(8). Because Orduno did not allege when he first gained knowledge of the threat of deportation based on his plea, his motion is facially insufficient. See Peart, 756 So.2d at 46. We therefore affirm the dismissal of Orduno's motion without prejudice to his filing a facially sufficient rule 3.850 motion. See Alexis v. State, 845 So.2d 262 (Fla. 2d DCA 2003). Any such motion shall not be considered successive.
Affirmed.
CASANUEVA and WALLACE, JJ., Concur.