PER CURIAM.
Julien Garcon (“Defendant”) appeals an order of the lower tribunal, summarily denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, and his several amendments and supplements to it. We reverse and remand only as to his nineteenth ground for relief and otherwise affirm.
On different dates in 1993, pursuant to different negotiated written agreements, Defendant pleaded guilty in L.T. case no. 92-10706 (the first case), and in L.T. case no. 92-11478 (the second case), and was sentenced to eight years for each, concur *1287 rently. There was no direct appeal as to either case.
On October 15, 2007, Defendant filed the instant rule 3.850 motion with respect to both L.T. case numbers, which he supplemented and amended numerous times, adding numerous grounds for relief before the trial court ultimately ruled, denying all the grounds as untimely and successive to the prior two motions Defendant filed in 1996, one in each case (both of which were denied as untimely, except for reducing an illegal sentence of eight years in the second case to the five-year statutory maximum for a third degree felony).
We agree that any legally sufficient grounds stated in the motion and its supplements and amendments were untimely, except for one ground. This court issued an order to show cause concerning Defendant’s fourth supplement and amendment, which he filed on June 10, 2008, adding a nineteenth ground for relief. In this ground, he claimed that both counsel and the trial court failed to inform him of the possible deportation consequences of his plea; he did not learn until May 28, 2008, that the two challenged cases would be used against him in deportation proceedings after he serves his federal sentence. Had he known, he would not have entered the plea, but would have insisted on proceeding to trial. He raised this ground within two years of discovering it, and claimed he could not have raised it within the normal two-year time period for filing a rule 3.850 motion.
In arguing that this ground was timely, Defendant relied on Peart v. State, 756 So.2d 42, 46 (Fla.2000) (determining that the two-year limitation period for raising a claim of failure to advise of deportation consequences of a plea does not begin to run until the defendant knows or should know of the threat of deportation, because that is when the defendant first could articulate a prima facie case), receded from, in State v. Green, 944 So.2d 208 (Fla.2006).
In Green, the supreme court held that a claim regarding a violation of Florida Rule of Criminal Procedure 3.172(c)(8) — which requires the court to determine in plea colloquy whether the defendant understands deportation consequences — must be raised within two years of the conviction and sentence becoming final unless the defendant can prove that the deportation consequences “could not have been ascertained during the two-year period with the exercise of due diligence.” 944 So.2d at 218. The court held that “[i]t will not be enough to allege that the defendant learned of the possibility of deportation only upon the commencement of deportation proceedings after the two-year limitations period has expired.” Id. This due diligence requirement “compels the defendant to allege and prove that affirmative steps were taken in an attempt to discover the effect of the plea on his or her residency status.” Id.
However, the court in Green gave those whose cases were already final two years from the date of the opinion in which to raise their claims. Green issued on October 26, 2006, so Defendant had until October 26, 2008, in which to file a claim that would have been timely under Peart. He raised ground nineteen on June 10, 2008.
In its response, the state concedes that this ground was timely pursuant to Green; however, it argues that the summary denial was proper because the claim was conclusively refuted by the record, pointing only to the waiver of rights form which Defendant executed in connection with his second case. The summary record includes his 'written plea agreement with respect to each case; the one he executed *1288 in connection with the second case[1] contains his understanding “that if I am not a United States citizen, and am in the country pursuant to a Visa or Green Card, that I may be subject to deportation by the United States Government because of this plea and that this Court has no jurisdiction in such matters.”
However, the summary record does not include a transcript of the plea colloquy, and it is well established that the written plea agreement alone does not suffice to refute such a claim. “Neither the signing of the waiver form, nor the reading of the written plea agreement to the defendant by his trial counsel, can alone satisfy the rule’s requirement that the trial judge actually ascertain in open court that defendant understands the possible consequences of a conviction on his resident alien status.” Perriello v. State, 684 So.2d 258, 260 (Fla. 4th DCA 1996). The court cannot rely on a preprinted form without confirming that the defendant has read and understood it. See Hen Lin Lu v. State, 683 So.2d 1110 (Fla. 4th DCA 1996).
Because the record does not conclusively refute Defendant’s nineteenth ground for relief, we reverse the summary denial of that ground and remand for further proceedings. In all other respects, we affirm.

Affirmed in part, Reversed in part, and Remanded.

FARMER, TAYLOR and HAZOURI, JJ., concur.

. In his reply, Defendant argues that the claim is not conclusively refuted by attaching the waiver of rights form from a different case, L.T. case no. 92-11487. Based on the other material consistent with Defendant’s case found on the waiver form and the negotiated plea agreement, which contains the same L.T. case number, and Defendant's signature appearing on both, it appears that the case number referenced on the waiver is a scrivener's error in which the last two digits of the second case number were transposed.