PER CURIAM.
 

 Jesus Gomez appeals the trial court’s denial of his motion to vacate or set aside judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850. Because we find error in the trial court’s failure to allow Gomez to correct the insuf-
 
 *115
 
 ficiencies in his motion and its failure to attach supporting documents, such as the plea agreements or plea colloquy, to its decision, we reverse and remand.
 

 On August 16,1999, Gomez was arrested and charged with one count of false imprisonment, one count of domestic battery, and one count of tampering. After the arrest, the State of Florida filed an Information charging Gomez with one count of false imprisonment and one count of domestic battery. On September 17,1999, pursuant to a plea agreement entered into by Gomez and the State, Gomez pled guilty to the domestic battery charge. The trial court accepted the plea, entering a withholding of adjudication and placing Gomez on one year probation. The false imprisonment charge was nolle prossed.
 

 On October 24, 2008, Gomez filed a post-conviction motion to vacate or set aside judgment and sentence, pursuant to Florida Rule of Criminal Procedure 3.850. He contended that the trial court failed to comply with Florida Rule of Criminal Procedure 3.172(c) in advising Gomez that his guilty plea for domestic battery could subject him to deportation from the United States and that trial counsel had been ineffective in failing to inform Gomez that he could be deported from the United States. The trial court did not require the State to respond to Gomez’s motion, and the State never responded.
 

 On November 17, 2008, the trial court denied Gomez’s post-conviction motion without an evidentiary hearing. In its decision, the trial court admitted that Gomez was convicted of a deportable offense, that Gomez was not advised by the trial court that he could be deported, as required by rule 3.172(c), and that there was no indication that his attorney had informed him of the deportation at the time of his plea. Notwithstanding this, the trial court denied Gomez’s motion, finding that Gomez had not proven that he was subject to potential deportation as result of the domestic battery charge due to the fact that his file contained some separate criminal activity prior to the charges that brought about the plea.
 

 On December 2, 2008, Gomez moved for a rehearing on the trial court’s denial of his post-conviction motion, which tolled the time to appeal the initial denial. In the motion for rehearing, Gomez addressed the trial court’s sole issue in denying the post-conviction motion by arguing that the only criminal judicial disposition that subjects Gomez to deportation is the September 17th, 1999 conviction for domestic battery. Gomez stated that on February 28, 1998, prior to the domestic battery incident, he was arrested in Miami-Dade County, Florida for driving under the influence, in violation of section 316.193, Florida Statutes, for which he pled nolo contendere, was adjudicated guilty, and was ordered to pay a fine of $884.25. Gomez argued that a simple DUI is not a crime involving moral turpitude that would subject him to deportation from the United States. Gomez claimed that his two other arrests in Monroe County, Florida, which occurred subsequent to the domestic battery conviction, also did not subject him to deportation from the United States.
 

 On January 14, 2009, the trial court denied Gomez’s motion for rehearing. The trial court held that having denied Gomez’s initial post-conviction motion, the court was without jurisdiction to determine the issues on the motion for rehearing. Gomez now appeals, contending that the trial court erred in denying his post-conviction motion to vacate or set aside the judgment and sentence without ordering the state attorney to file an answer and without affording Gomez an evidentiary hearing as prescribed by Florida Rule of Criminal Procedure 3.850(d).
 

 
 *116
 
 We agree with the State that the trial court did not err in not holding an evidentiary hearing regarding Gomez’s motion to vacate or set aside the judgment and sentence because the trial court had ruled that the pleading filed was legally insufficient. However, the State concedes that under
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007), Gomez should have been allowed to file a legally sufficient pleading.
 

 “When a trial court summarily denies a motion for post-conviction relief without holding an evidentiary hearing or attaching portions of the record to refute the allegations, review is limited to determining whether, accepting the allegations as true, the motion shows the defendant is not entitled to relief.”
 
 Davis v. State,
 
 571 So.2d 118, 119 (Fla. 5th DCA 1990). Here, the trial court stated that Gomez’s motion was legally insufficient because “he must prove that he was subject to potential deportation due to the crimes sub judice, and not from a prior crime or crimes.” Gomez argued in his motion for rehearing that the other crimes the trial court referred to in the order were not deportable offenses. In Gomez’s motion, he alleges that his plea was not entered into knowingly or voluntarily and that the trial court did not inform him that entering into said plea could have subjected him to the possibility of deportation. However, Gomez did not meet the pleading requirements set forth in
 
 State v. Green,
 
 944 So.2d 208, 218 (Fla.2006). He did not allege that he would not have entered into the plea if he had been informed of the possibility of deportation.
 

 When a defendant’s initial rule 3.850 motion for post-conviction relief is determined to be legally insufficient for failure to meet either the rule’s or other pleading requirements, the trial court abuses its discretion in failing to allow the defendant at least an opportunity to amend the motion.
 
 Spera,
 
 971 So.2d at 761. Thus, the trial court should have allowed Gomez to amend his motion. Then, upon filing a facially sufficient motion, Gomez may be entitled to an evidentiary hearing.
 
 See Forrest v. State,
 
 988 So.2d 38, 40 (Fla. 4th DCA 2008). Gomez tried to cure the defects regarding the prior crimes issue in his motion for rehearing but this motion was legally insufficient as well, as it was not sworn to by Gomez.
 

 In addition, in the order denying the post-conviction motion to set aside the judgment and sentence, the trial court stated that Gomez signed a plea agreement which informed him that he could be deported as a result of his plea and conviction and that he admitted under oath that he understood this agreement and its contents. However, the trial court noted that there was no indication that Gomez’s attorney discussed the contents of the plea agreement with him prior to the colloquy.
 
 See Hinds v. State,
 
 726 So.2d 812, 813 (Fla. 5th DCA 1999) (holding that “the sentencing court did not specifically warn [the defendant] of the danger of deportation, but he was not prejudiced by the omission when the information was contained in the written plea agreement that [the defendant] testified he had read and understood”).
 

 We also conclude that the trial court erred in not attaching any supporting documents to its decision on Gomez’s motion. In
 
 State v. Gonzalez,
 
 787 So.2d 917, 918 (Fla. 3d DCA 2001), we held that “the defendant was not prejudiced by the trial court’s failure to specifically inform him that his plea may subject him to deportation because the plea agreement form provided this information and also indicated that the defendant had read the agreement and that the defendant discussed the agreement with his attorney”. Here, in the order denying Gomez relief, the trial court referred to both the plea colloquy
 
 *117
 
 and plea agreements but did not attach these documents to the order. We agree with the State that these attachments could refute Gomez’s claim, based on
 
 Hinds
 
 and
 
 Gonzalez,
 
 because they may indicate that Gomez read over the plea agreement with his attorney and that they contained a deportation warning.
 

 In conclusion, because the trial court neither attached supporting documents to its order nor gave Gomez leave to correct the legal insufficiencies of his motion, we reverse and remand to the trial court with instructions that the trial court allow Gomez to file a facially sufficient motion. If on remand Gomez then raises a facially sufficient claim for rule 3.850 relief, and the trial court again enters an order summarily denying the post-conviction motion, the trial court shall attach written portions of the record conclusively refuting Gomez’s claim.
 
 See
 
 Fla. R.App. P. 9.141(b)(2)(D) (requiring reversal by this Court unless the record shows conclusively that the defendant is entitled to no relief).
 

 Reversed and remanded with instructions.