PER CURIAM.
The State appeals the trial court’s summary grant of Fitzroy Burton’s Motion to Set Aside Conviction and Withdraw Plea pursuant to Florida Rule of Criminal Procedure 3.850. We conclude that the trial court erred in summarily granting Burton’s motion, and therefore, reverse and remand for further proceedings.
■ In his post-conviction motion, Burton asserted that his plea was not knowing and *855 voluntary because his counsel failed to advise him that because he was not a United States citizen, his plea could subject him to deportation. In support of his motion, Burton cited the transcript of his plea colloquy which included no discussion of Burton’s citizenship or naturalization status or of the possibility that his plea might subject him to deportation.
Based on Burton’s motion and the record before it, the trial court summarily granted Burton’s motion. This was error. Burton’s motion was facially insufficient because he failed to allege an essential element necessary to entitle him to relief: namely that he would not have entered the plea if advised that it could result in deportation. State v. Green, 944 So.2d 208, 218 (Fla.2006). Because Burton’s motion is facially insufficient, on remand he should be granted leave to amend his motion within a reasonable time, if he can do so in good faith. See Spera v. State, 971 So.2d 754 (Fla.2007).
However, even if Burton is able to present a facially sufficient motion, the trial court may summarily deny the motion if it can attach documents that conclusively refute his entitlement to relief. See, e.g., Green, 944 So.2d at 219; State v. Gonzalez, 787 So.2d 917 (Fla. 3d DCA 2001) (reversing trial court’s summary grant of post-conviction relief where “defendant was not prejudiced by trial court’s failure to specifically inform him that his plea may subject him to deportation” where the plea agreement provided this information, defendant read the agreement, and trial court during plea colloquy established that defendant entered into plea freely and with understanding of plea agreement); Joseph v. State, 782 So.2d 895, 896 (Fla. 2d DCA 2001) (“A plea form containing the deportation warning together with record documentation that the defendant has intelligently consumed the written information contained on the form and understood it is ... sufficient [to conclusively refute the claim].”). If, on the other hand, the trial court is unable to attach portions of the record which conclusively refute his claims, Burton must receive an evidentiary hearing. Green, 944 So.2d at 219.
REVERSED and REMANDED.
WOLF, PADOVANO, and ROWE, JJ, concur.